FREDERICK THOMAS, Appellant, *v.* THE SOLVAY PROCESS COMPANY, Respondent.

Negligence — injury to plaintiff caused by negligence of defendant for which plaintiff's employers were doing work and in which work plaintiff was then engaged — when defendant liable for such injury.

Upon examination of the facts in an action to recover damages for a personal injury, *held*, that the plaintiff, as an employee of a third party, which had been engaged in the work of defendant, was at the time of the accident lawfully upon its premises; that it was error for the courts below to rule as matter of law that defendant had performed its duty; that the question of the exercise of reasonable prudence and care on its part was for the jury, and that the ruling of the trial justice that plaintiff was guilty of contributory negligence as matter of law cannot be upheld.

*Thomas* v. *Solvay Process Co.*, 159 App. Div. 938, reversed.

(Argued October 25, 1915; decided November 16, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 5, 1913, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Thomas Woods* for appellant. The defendant's servants were guilty of negligence which caused plaintiff's

injuries. (*Flynn* v. *Cent. Ry. Co. of N. J.*, 142 N. Y. 445; *Randolph* v. *B. & A. R. R. Co.*, 5 Wkly. Dig. 150; 74 N. Y. 608; *Reilly* v. *Atlas Construction Co.*, 83 Hun, 176; *Dohn* v. *Dawson*, 90 Hun, 271; 157 N. Y. 686; *Monahan* v. *Eidlitz*, 59 App. Div. 224; *McGovern* v. *Standard Oil Co.*, 11 App. Div. 588; *Devlin* v. *Smith*, 89 N. Y. 470; *Quigley* v. *Thatcher*, 207 N. Y. 66.) The defendant is responsible for the negligence of its servants in this case. (*Johnson* v. *Netherland American Steam Nav. Co.*, 132 N. Y. 576; *Murray* v. *Dwight*, 15 App. Div. 241; *Casey* v. *Davis & Furber Machine Co.*, 209 N. Y. 26.) Plaintiff was not guilty of contributory negligence. (*Monahan* v. *Eidlitz*, 59 App. Div. 224; *Kettle* v. *Turl*, 162 N. Y. 255; *Phelps* v. *Kaufman*, 152 N. Y. 457; *Kirby* v. *Montgomery*, 197 N. Y. 27; *Perotta* v. *Richmond Brick Co.*, 123 App. Div. 626; *Schell* v. *German Flats*, 54 Misc. Rep. 445.)

*Jerome L. Cheney* for respondent. The case is barren of any evidence which would justify a charge of actionable negligence against the defendant, and the nonsuit asked for upon that ground was properly granted. (*Wyllie* v. *Palmer*, 137 N. Y. 248; *Standard Oil Co.* v. *Anderson*, 212 U. S. 215; *Ryan* v. *Irons*, 114 App. Div. 165; *Hordern* v. *Salvation Army*, 124 App. Div. 674; *Downes* v. *Elmira Bridge Co.*, 41 App. Div. 339; 82 App. Div. 639; 179 N. Y. 136; *Choyce* v. *Hopper & Sons*, 120 App. Div. 177.) Plaintiff was clearly guilty of contributory negligence, and the nonsuit was properly granted on that ground. (*Downes* v. *Elmira Bridge Co.*, 41 App. Div. 339; 179 N. Y. 136; *Fox* v. *Warner-Quinlan Co.*, 204 N. Y. 245; *Lynch* v. *Elektron Mfg. Co.*, 195 N. Y. 171; *Brudie* v. *Renault*, 138 App. Div. 112; *Steinbrenner* v. *Forney Co.*, 143 App. Div. 73; *Chicago, etc., R. R. Co.* v. *Baldwin*, 164 Fed. Rep. 826; *Coleman* v. *Smith*, 74 Atl. Rep. 915; *Sullivan* v. *Wakefield*, 117 Pac. Rep. 311; *Hogan* v. *N. Y. C. & H. R. R. R. Co.*, 208 N. Y. 445.)

Hogan, J. This action was brought to recover for personal injuries alleged to have been sustained by the plaintiff due to the negligence of the defendant. Upon a former trial of the action plaintiff recovered a verdict. From the judgment entered thereon an appeal was taken by the defendant to the Appellate Division of the Supreme Court, where the judgment was reversed and a new trial granted. The Appellate Division held that the evidence failed to disclose actionable negligence against defendant, and also failed to establish that plaintiff was free from contributory negligence. (*Thomas* v. *Solvay Process Company*, 155 App. Div. 940.)

On the second trial, at the close of plaintiff's case, the trial justice followed the law of the case, as stated by the Appellate Division, and granted a nonsuit. The judgment thereon having been affirmed by a divided court, plaintiff appeals to this court.

As the plaintiff is entitled to the benefit of every favorable inference which can reasonably be drawn from the evidence presented by him, it is essential that reference be made to the material facts contained in the record.

The defendant was engaged in the construction of certain buildings, and had a contract with the Phœnix Iron Company to do the ironwork on the buildings under construction at the time of the accident. Plaintiff was an employee of the Phœnix Company, and that company in the progress of its work had in use a stationary engine. Early in October, 1910, the defendant, at the request of the Phœnix Iron Company, procured the necessary lumber and material and performed the labor incident to the erection of a building described as an engine house, which building housed the stationary engine of defendant. In the spring and summer of 1911, from time to time down to the date of the accident, boards had been removed from the building by employees of defendant, and towards the close of the work of the Phœnix Iron Company the carpenters of the defendant had removed

additional boards from the sides of the building and used the same for forms.

July 27th, 1911, the Phœnix Iron Company was practically through with its work. The plaintiff, together with the engineer who had operated the stationary engine, and other employees of the Phœnix Iron Company, was engaged from about nine o'clock in the morning until nearly four o'clock in the afternoon moving the stationary engine from the engine house. Rollers were placed under the same and it was then removed out of the engine house and down an incline to a point some distance away from the building preparatory to loading the same upon a car for shipment. In the removal of the engine from the engine house no part of the building was removed or destroyed by plaintiff or his associates.

While plaintiff was engaged in his work, as stated, one Badman, a gang foreman of defendant, was directed by Mr. Johnson, a servant of defendant in charge of the men employed by defendant, except structural steel men, to take down the engine house. On the afternoon of the day in question Mr. Badman with some men were at work removing boards from the building, and were preparing to take the roof off of the same, and their work was in progress as late as between half-past three and four o'clock. The record does not disclose that plaintiff had knowledge of the demolition of the building being carried on, as his work was not in that immediate vicinity.

After the engine had been removed to the point of shipment there remained in the engine house two or three barrels which had been used to retain water, a tool box, tools, blocks, wrenches, chains, ropes and pails, the property of the Phœnix Iron Company, which were to be removed and put upon the car with the stationary engine.

The plaintiff returned to the engine house about four o'clock to pick up the tools and remaining property, and upon his arrival there Mr. Badman, the foreman, stood nearby with his hand leaning against a post of the house,

and, so far as the record discloses, Badman failed to cau-
tion plaintiff and his associates who had preceded him
into the building of any changes made thereon or to
prevent their entrance to the same.

The plaintiff thereupon started to "coil up the line," the
"line" consisting of rope which had been used as a swing
line on the boom of the derrick which had been operated
by the engine, and which was three hundred or four hun-
dred feet in length, lying upon the ground, partly within
and partly without the engine house. While standing
within the engine house coiling this rope the roof of the
building fell upon the plaintiff, causing the injuries
complained of.

Counsel for the defendant contends that the uncontra-
dicted evidence discloses that the work of removal of the
engine house was being carried on by the Phœnix Iron
Company, consequently that any negligence, if negligence
existed, was the negligence of the Phœnix Company and
not that of defendant — that the employees of defendant
had been loaned to the Phœnix Company to remove the
building, and thus became for the time being the servants
of the latter company. In support of that proposition
counsel calls attention to the evidence of Mr. Johnson,
the superintendent of defendant, and asserts that the evi-
dence upon the question as to whether the work as being
done was the work of the defendant or that of the Phœ-
nix Iron Company is uncontradicted, and in support of
such proposition he quotes from the testimony of Mr.
Johnson, as follows: "As I understand it, the Phœnix
Company was doing that work,  *  *  *" and reads that
evidence in connection with the evidence of the same wit-
ness that the engine house was erected by defendant at
the request of the Phœnix Company, and the only pur-
pose the building served was to house the stationary
engine of the Phœnix Company, except that he and other
employees used it as he saw it was necessary, which he
states is the only evidence relating to the matter in the

case, and from the same he argues that there can be no question that the workmen engaged in taking down the building were engaged in doing work of the Phœnix Company and were the servants for the time being of the Phœnix Iron Company.

As we view the evidence in this case, having in mind the inference to be drawn therefrom, we are unable to assent to the proposition advanced. The evidence of Mr. Johnson does not bear the interpretation contended for. The "work" spoken of by him as being done by the Phœnix Company had no reference to the engine house or its removal. Mr. Johnson was called principally by the plaintiff to show his relationship to the defendant, and in speaking of the "work" spoken of by counsel, he testified: "I remember this *construction* work that was being done at Jamesville. At that time I was in the employ of the defendant company. I had charge of all the men on that job except the structural steel men. As I understand it, the Phœnix Iron Company was doing that work." It is apparent that the "work" referred to was the work of construction only and had no reference to work of destruction.

The record is barren of evidence tending to show any request on the part of the Phœnix Company to defendant that the latter should remove the building. Mr. Johnson testified to the directions he gave Badman in that respect, but his evidence is silent as to any request by the Phœnix Company either for the removal of the building or furnishing of men to do the work. Had Mr. Johnson acted under the direction of the Phœnix Company rather than for the defendant it is singular that such fact was not developed upon his examination by the attorney for defendant. Having reached the conclusion that the inference may be drawn from the evidence that the demolition of the building was being carried on by defendant, we pass to a consideration of the question whether or not the evidence justified the submission to a jury of the

questions of negligence on the part of the defendant, as well as contributory negligence of the plaintiff.

The defendant assumed the work of demolition of the building before all the property of the Phœnix Company had been removed therefrom. When the work was commenced sometime after two o'clock in the afternoon under the supervision of Badman it must have been apparent to him that the engine had been removed from the building and that other property remained therein. If, in the course of the work of taking down the building, the roof or any part of the house was liable to fall and people would be in danger of injury therefrom, it was the duty of defendant in the performance of the work to exercise reasonable prudence and care, and to adopt such measures of caution towards persons approaching or entering the building as would prevent them from being unreasonably and unnecessarily exposed to danger. We think it was error for the courts below to hold as matter of law that defendant had performed its duty, and that upon the facts the question of the exercise of reasonable prudence and care was a question for the jury. The plaintiff as an employee of the Phœnix Company, which had been engaged in the work of defendant, was at the time of the accident lawfully upon the premises of defendant.

From half-past nine in the morning until four o'clock in the afternoon he had been engaged in the work of the removal of the engine. His labor was performed at increased distances from the building in question. It is fair to assume that he devoted his attention to work on which he was employed, as the evidence does not disclose that he had knowledge that work upon the engine house was in progress.

The jury might have found that Mr. Badman was chargeable with knowledge of the condition of the building, or any weakness thereof or dangers incident to a person working therein; that he omitted to call attention of plaintiff to the condition of the building and permitted

him to enter the same and almost immediately thereafter the roof fell. Whether or not under the evidence and circumstances of the case, the servants of defendant exercised reasonable prudence and care in the performance of their work and towards the plaintiff was a question of fact for the consideration of a jury.

The ruling of the trial justice that plaintiff was guilty of contributory negligence as matter of law cannot be upheld. Respondent argued that as the building was in course of demolition, which was plainly to be seen, plaintiff cannot be excused from a failure to observe the conditions which the use of his eyes would disclose, consequently he was guilty of negligence contributing to the accident. The suggestion of counsel would necessarily imply that had plaintiff used his senses he would have discovered that the place was dangerous and should he enter there to continue his work he would be chargeable with contributory negligence.

Plaintiff testified that from the time he was ordered to return to the building he was busy all of the time and did not observe any change in the same. True, he was an interested witness, but his testimony was not so inconsistent with the evidence in the case as to deprive him of the submission of the case to a jury. The witnesses called by plaintiff who had seen some work of demolition in progress entered the building about the time plaintiff entered the same but escaped the accident. The jury might have considered that fact upon the question of the apparent dangerous condition of the structure. Had plaintiff observed the condition of the building was he still bound to make the necessary tests to determine its safety? The law does not exact extreme or unusual care in such a case. The jury might have found the condition had been created by defendant, and defendant had a more practical knowledge of the danger to be apprehended than the plaintiff could acquire by observation, and, as the servant of defendant in charge of the work was upon the

ground, the plaintiff had the right to rely upon him to caution plaintiff if danger existed. Plaintiff, therefore, is not to be defeated as matter of law, when the jury might have found that he did not observe any change in appearance of the building, or had he looked the danger to him would not be so apparent as to render him guilty of contributory negligence in entering the same.

The questions of negligence of defendant and contributory negligence of the plaintiff were for determination by a jury.

The judgment should be reversed, and a new trial ordered, costs to abide the event.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, CARDOZO and POUND, JJ., concur; CUDDEBACK, J., dissents.

Judgment reversed, etc.