WALKER D. HINES, as Director-General of Railroads, Appellant, *v* NATIONAL GUM AND MICA COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, February 27, 1925.

Parties — additional parties — application by defendant to bring in, pursuant to Civil Practice Act, § 193, third person as party defendant in action upon written agreement to pay plaintiff stipulated sum as freight on merchandise — defendant's affidavits insufficient within meaning of Civil Practice Act, § 193 — application made four years after joinder of issue denied.

Defendant's application, pursuant to section 193 of the Civil Practice Act, to bring in a third person as a party defendant in an action upon a written agreement to pay the plaintiff a stipulated sum as freight on merchandise, made four years after joinder of issue, should be denied, where defendant's affidavits fail to show, pursuant to section 193 of the Civil Practice Act, that the third party is *prima facie* liable to it.

A mere hypothetical statement of a possible claim set forth in affidavits, pursuant to section 193 of the Civil Practice Act, is not sufficient to warrant the granting of defendant's motion.

APPEAL by plaintiff from an order of the City Court of the City of New York, granting defendant's motion to have a third person brought in as a party defendant.

*Esselstyn & Haughwout* [*Everett J. Esselstyn* and *J. Ard Haughwout* of counsel], for the appellant.

*Edward A. Alexander*, for the respondent.

PROSKAUER, J.:

Plaintiff appeals from an order under the Civil Practice Act, section 193, bringing in Gerhard & Hey, Inc., as a party defendant.

The action is based upon a written agreement to pay a stipulated sum as freight on merchandise from San Francisco to Japan. It appears from the pleadings that the merchandise was originally shipped by the defendant through Gerhard & Hey, Inc., as forwarding agents; that on arrival in San Francisco its further shipment was stopped by an order of the War Trade Board treating Gerhard & Hey, Inc., as an alien enemy; that after a substantial interval of time the interdiction of the War Trade Board was raised; that the ocean freight rate had been increased and the plaintiff refused to complete the transportation without an agreement to pay the increased rate. The defendant urges that this agreement was without consideration and obtained by duress. Plaintiff claims that the Director-General of Railroads had to respect the order of the War Trade Board, justified or unjustified, and that defendant's redress, if any, is against the United States government. (See 89 I. C. C. 231.) With the validity of this contention we are not here concerned.

The only question presented by this appeal is whether defendant " shows that some third person, not then a party to the action, is or will be liable to such party  *  *  *  in the action." (Civ. Prac. Act, § 193.) That the word " shows " has a special significance is indicated by the fact that it was substituted in the section for the original word " claims." It is not contended by plaintiff that defendant is compelled to prove its claim against the third party by a preponderance of evidence. Defendant, however, must show that the third party is *prima facie* liable to it. The affidavits here do not meet this test. The order bringing in Gerhard & Hey, Inc., as a defendant was based upon the claim that the defendant might have some right of action over against Gerhard & Hey, Inc., for failure to disclose its status as an alien enemy. All resident aliens, however, were not prohibited from doing business in this country, but only such resident aliens as the War Trade Board might designate to be such. Upon this application there is no assertion of any fact tending to show any wrong on the part of Gerhard & Hey, Inc. There is a mere hypothetical statement of a possible claim.

This application is made some four years after issue was joined. The order provides that the issues between Gerhard & Hey, Inc., and the defendant should be tried at the same time with the issues between plaintiff and defendant. This means a substantial delay to the plaintiff in the assertion of his rights and the introduction

into the trial of an issue wholly foreign to the controversy between the plaintiff and the defendant and one which may well becloud the adjudication of that controversy.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concur; present, Guy, McCook and Proskauer, JJ.