HOTEL ANTLERS, INC., Plaintiff, *v.* STANDARD OIL COMPANY OF NEW YORK, INC., Sued as STANDARD OIL COMPANY OF NEW YORK, Defendant.

Supreme Court, Hamilton County, March 25, 1932.

No appearance for plaintiff.

*Fuller, Brown & Hubbard* [*Gay H. Brown* of counsel], for the defendant Standard Oil Company of New York, Inc.

*Cross & Cross* [*J. Theodore Cross* of counsel], for the proposed defendant Dillon.

DOWLING, J.   Plaintiff sues defendant for negligence to recover the sum of $25,000 damages for destruction of its power plant, used to light its summer hotel at Racquette Lake, N. Y.   The complaint alleges: " 6. That the defendant through its representative, agent and employees delivered the said gasoline in such a negligent and careless manner that the gasoline in plaintiff's power house suddenly caught fire and/or exploded.

" 7. That as a result of the said fire and/or explosion the electric plant of the plaintiff was completely destroyed.

" 8. That the said fire and explosion were caused solely through the negligence of the defendant and without any contributory negligence on the part of the plaintiff."

Defendant, by answer, denies such allegations.

Defendant moves to join Dennis Dillon as a party defendant pursuant to subdivision 2 of section 193 of the Civil Practice Act. Plaintiff does not oppose the motion.

Defendant's moving affidavit contains the following allegations: " That it is the contention of the defendant that Dennis Dillon was upon the occasion in question an independent contractor, and that the defendant had no control or supervision over the delivery of gasoline to the plaintiff, and that the defendant is not liable for any damages resulting from any negligence upon the occasion in question by Dennis Dillon, his servant or agent.

" But if on the trial of this action it should be held that Dennis Dillon bore such a relationship to the defendant that the defendant would be chargeable with the negligence of said Dennis Dillon, his agent or servant, and would be held liable, then, and in that event, said Dennis Dillon would be liable over to the defendant for reimbursement of such sum as defendant would be obliged to pay."

In its replying affidavit defendant alleges: " That the driver of the truck making the delivery of gasoline to the Hotel Antlers, Inc., on the 16th day of July, 1931, was not an employee of the Standard Oil Company of New York, Inc.; that he was not hired nor paid by said Standard Oil Company of New York, Inc., and that the said Standard Oil Company of New York, Inc., had no direction or control over him whatsoever.

" That Dennis Dillon had exclusive charge of making all deliveries of Standard Oil Company products at Racquette Lake and vicinity; that the driver of the truck making the delivery of said gasoline to Hotel Antlers, Inc., on July 16th, 1931, was chosen by said Dillon on his own account to assist said Dillon in the work he had undertaken."

Dennis Dillon, in his affidavit opposing defendant's motion,

alleges: That the defendant sold and agreed to deliver the gasoline in question to the plaintiff; that for many years he has had a contractual relation with defendant to direct the delivery of any gasoline that might be purchased for delivery at Racquette Lake, N. Y., for a compensation of two cents for every gallon sold, delivered and paid for in his territory; that his contract with defendant requires him to absorb any cost of delivery from the tank at Racquette Lake station to the tank of the customer, all gasoline to be delivered in accordance with the rules and regulations of the defendant; that defendant describes the business carried on by him as " A commission business for Standard Oil Company of New York, at Racquette Lake, N. Y.; " that he has never signed any covenant of indemnity with defendant.

Section 193, subdivision 2, of the Civil Practice Act provides: " Where any party to an action shows that some third person, not then a party to the action, is or will be liable to such party wholly or in part for the claim made against such party in the action, the court, on application of such party, may order such person to be brought in as a party. * * *"

In *May Co.* v. *Mott Avenue Corp.* (121 Misc. 398) Mr. Justice CROPSEY, in motions of this kind, formulated the following rule: " In every case in which a third person may be brought in, the party seeking that result must have a claim against him; then the application should be granted, (1) where the third person is liable to the plaintiff jointly or severally with the defendant, or where either he or the defendant (but not both) is so liable, for the claim sued upon; or (2) where irrespective of the third person's liability to the plaintiff for the claim sued upon he is liable to indemnify the defendant thereon."

Defendant does not show that Mr. Dillon is, or will be, liable to it for the claim made against it in this action. Unless such fact is made to appear, a defendant is not entitled to join a third party who might be liable in the event of a recovery against such defendant. In *Irwin* v. *N. Y. Telephone Co.* (121 Misc. 642, 644) Mr. Justice HAGARTY said: " It was not intended that this relief should be granted as a matter of right merely upon showing that the party sought to be brought in as a codefendant was liable to the moving party in the event of a recovery against it."

In *Kromback* v. *Killian* (215 App. Div. 19) the court said (at p. 22): " The provisions of the section are limited to a person who ' is or will be liable.' ' Will be ' cannot arbitrarily be changed to ' may be.' " To the same effect is *Zauderer* v. *Market Street L. B. Realty Corp.* (128 Misc. 364, 366).

In *Hines* v. *National Gum & Mica Co.* (124 Misc. 511) Mr. Justice PROSKAUER said (at p. 512): " That the word ' shows ' has a special significance is indicated by the fact that it was substituted in the section for the original word ' claims.' It is not contended by plaintiff that defendant is compelled to prove its claim against the third party by a preponderance of evidence. Defendant, however, must show that the third party is *prima facie* liable to it."

In *Fox* v. *Western New York Motor Lines Inc.* (257 N. Y. 305), in commenting upon subdivision 2 of section 193 of the Civil Practice Act, the court holds that, in order to bring in a third party as a defendant, liability over must exist at the time of the application.

Defendant alleges that the delivery of the gasoline in question was made " by an independent contractor, his agent or servant, over whom the defendant had no control or supervision, and that said defendant is not liable for the acts of said independent contractor, its agents or servant."

An independent contractor, guilty of wrongdoing, is liable not only to the person injured, but to any other person who is legally liable therefor. (*Scott* v. *Curtis*, 195 N. Y. 424, 428; *Haifinger* v. *Meyer*, 215 App. Div. 35, 36.)

Under the meager facts presented upon this motion, it is not clear that Dillon was an independent contractor. He may have been a carrier for hire, in which event he would not be liable over to the defendant. (*Peer* v. *Babcock*, 230 N. Y. 106.)

Defendant expressly denies that Dillon was its agent or servant. If he were he would be liable over to defendant and might properly be brought in as a defendant. (*Travlos* v. *Commercial Union of America, Inc.*, 217 App. Div. 352, 358.)

Under the facts and circumstances, it would be an abuse of discretion to grant an order joining Mr. Dillon as defendant herein.

Motion is, therefore, denied, with ten dollars costs.

Ordered accordingly.