J. Brooks Nichols et al., Respondents, *v.* Clark, MacMullen & Riley, Inc., et al., Respondents, and The Celotex Company, Appellant.

(Argued January 11, 1933; decided February 28, 1933.)

*Hersey Egginton, Albert Stickney* and *Francis S. Bensel* for appellant. Appellant has been improperly joined. (Civ. Pr. Act, § 193, subd. 2; *May Co.* v. *Mott Avenue Corp.*, 201 N. Y. Supp. 189; *Greenhouse* v. *Rochester Taxicab Co.*, 218 App. Div. 224; *New Netherland Bank* v. *Goodman*, 201 N. Y. Supp. 188; *Neuss, Hesslein & Co.* v. *National Aniline & Chemical Co.*, 120 Misc. Rep. 164; *Stern* v. *Ide & Co.*, 212 App. Div. 714; *Fox* v. *Western New York Motor Lines, Inc.*, 257 N. Y. 305; *Municipal Service R. E. Co.* v. *D. B. & M. Holding Corp.*, 257 N. Y. 423.)

*J. A. Stevenson, Jr.,* and *William W. Lancaster* for respondents. The claim of the defendants-respondents is properly interposed under section 193, subdivision 2, of the Civil Practice Act. (*Municipal Service R. E. Co.* v. *D. B. & M. Holding Corp.,* 257 N. Y. 423; *Travlos* v. *Commercial Union of America,* 217 App. Div. 352; *Hejza* v. *N. Y. C. R. R. Co.,* 246 N. Y. Supp. 34; *Driscoll* v. *Corwin,* 133 Misc. Rep. 788; *Wichert* v. *Gallagher,* 201 N. Y. Supp. 186; 206 App. Div. 756; *Prescott & Son* v. *Nye,* 223 App. Div. 356; *Kuelling* v. *Roderick Lean Mfg. Co.,* 183 N. Y. 78; *Statler* v. *Ray Mfg. Co.,* 195 N. Y. 478; *Hruska* v. *Parke, Davis & Co.,* 6 Fed. Rep. [2d] 536; *Marsh* v. *Usk Hardware Co.,* 73 Wash. 543; *Peterson* v. *Standard Oil Co.,* 55 Ore. 511.)

CRANE, J. The Appellate Division has certified to this court the following question: " Should the court have vacated the order joining the defendant-appellant as an additional party pursuant to subdivision 2 of section 193 of the Civil Practice Act?"

The defendants made a motion to bring in The Celotex Company on the ground that that company would be liable to them for the claim of the plaintiffs; in other words, that The Celotex Company would be liable over on the judgment roll for any damages recovered by the plaintiffs on the cause of action set forth in the complaint. The motion was granted *ex parte* and thereafter The Celotex Company made application on affidavits and notice to vacate and set aside the order. The denial of this latter motion having been affirmed by the Appellate Division, the order is here for review upon the certification above quoted.

Two reasons move us to reverse these orders and dismiss The Celotex Company from the case. The complaint sets forth a cause of action against engineers for defective plans and work in connection with the reconstruction of a heating system in the plaintiffs' house in Convent, Morris county, New Jersey, whereby a fire

destroyed the house and contents. The defendants are consulting engineers. The charge against them in the complaint reads as follows:

"*Seventh.* Defendant Clark, MacMullen & Riley, Inc., and defendants Charles W. MacMullen, Champlain L. Riley and Arthur B. Jones in preparing said plans and specifications and in rendering said opinions and recommdenations, negligently and wrongfully recommended and specified that the sheet metal hot air ducts or warm air distributing piping be installed, lagged or covered with a substance known as ' Celotex,' and said defendant Clark, MacMullen & Riley, Inc., and defendants Charles W. MacMullen, Champlain L. Riley and Arthur B. Jones negligently and wrongfully represented that said ' Celotex ' was suitable and proper for use as a covering for said hot air ducts and warm air distributing piping and negligently and wrongfully represented that said ' Celotex ' was non-inflammable and was, in fact, fireproof and adequate protection as an insulator for said hot air ducts and warm air distributing piping, whereas in fact, the said ' Celotex ' was inflammable and inadequate, dangerous and unsafe for such use, all of which the defendant Clark, MacMullen & Riley, Inc., and defendants Charles W. MacMullen, Champlain L. Riley and Arthur B. Jones knew or should have known."

As we are analyzing the charge against these defendants note must be taken at this point that the negligence here charged is in the use of " Celotex." The Celotex Company has been brought in by these defendants as it is the manufacturer of " Celotex " and in the defendants' supplementary pleading or answer served upon The Celotex Company the charge is made that it represented the fire-proof qualities of this " Celotex," and, therefore, would be liable over to the defendant engineers, who recommended it to the plaintiffs on the strength of these representations. More will be said about these supplemental pleadings hereafter, but at this point we desire

to press the continuity of the complaint of the plaintiffs and the complaint of the supplemental answer against The Celotex Company, based upon the inadequacy of " Celotex " as a covering. Paragraph 7 of the complaint, which we have just. quoted, predicates the negligence of the engineers upon the use of " Celotex " and the defendants have pleaded over against the manufacturer upon the ground that if they are mulcted in damages for using " Celotex " The Celotex Company would be liable to them on its representations regarding the merits of the covering. So far so good, and if this were all of the plaintiffs' complaint we would have no occasion for this analytical statement.

The complaint, however, goes much further, and charges the defendants in the same cause of action with negligence, for which The Celotex Company can in no way be responsible. The eleventh paragraph says that the fire was not only caused through ·the recommendation of " Celotex " as a covering for the hot air ducts and warm air distributing piping, but continues, with this further allegation of negligence: " Said fires were further caused by the negligent, improper and wrongful recommendations, plans and specifications, drawings and blue prints prepared by the defendant Clark, MacMullen & Riley, Inc., and defendants Charles W. MacMullen, Champlain L. Riley and Arthur B. Jones, in that the entire heating equipment or heating plant was so designed therein as to be unsafe and highly dangerous in the normal use thereof, all of which the defendant knew or should have known." Surely The Celotex Company is not liable to the engineers because the fire was due to their improper plans showing that the entire heating equipment or heating plant was so *designed* as to be unsafe and highly dangerous. All these allegations are contained in one cause of action. Upon the trial, the proof may go in under any of the allegations, for some of which the " Celotex " might be responsible, and for some of which the engineers solely responsible.

A judgment against these defendants, engineers, upon such allegations would not be binding upon The Celotex Company, or, to state it more accurately, The Celotex Compant would not be liable over to the engineers on a judgment recovered against them based upon such proof. There is nothing in the record to show that a judgment will ever be entered solely for damages caused by the use of " Celotex." For this reason, if no other, The Celotex Company should not have been made a party defendant upon the motion of the principal defendants. Section 193, subdivision 2, relates to those causes of action wherein a person not a party to the action will be liable over to the defendant for the judgment or part of the judgment recovered by the plaintiff against him. The Celotex Company would not be liable over to these defendants for any part of a judgment recovered by the plaintiffs, as, under the allegations in the complaint, the judgment could be, or might be, based entirely or in part upon the sole negligence of the engineers, having nothing to do with " Celotex." (*Fox* v. *Western New York Motor Lines, Inc.*, 257 N. Y. 305; *Municipal Service Real Estate Co.* v. *D. B. & M. Holding Corp.*, 257 N. Y. 423; *Stern* v. *Ide & Co.*, 212 App. Div. 714, 719; *Greenhouse* v. *Rochester Taxicab Co.*, 218 App. Div. 224.)

Again, we do not find that the allegations of the complaint and the allegations of the supplemental answer match up so as to show that the cause of actions are, or will be the same in other particulars. The complaint states in paragraph 7, as we have quoted it above, that the defendants wrongfully recommended that the sheet metal hot air ducts or warm air distributing piping be covered with a substance known as " Celotex " and that they negligently and wrongfully represented that " Celotex " was suitable for the purpose of covering *said* hot air ducts, and negligently and wrongfully represented that said " Celotex " was non-inflammable and was in fact fireproof and an adequate protection as an insulator for said hot air ducts.

These defendants by their supplemental answer say that the use of " Celotex " was due to the recommendations of The Celotex Company and that it is liable for its false representations. What were the recommendations of The Celotex Company? They are stated to be these: that " Celotex " had been advertised by The Celotex Company for many uses in building and construction; and that it was sold as an insulating material for the covering of hot air and cold air ducts; the defendants say that The Celotex Company recommended to them the use of " Celotex " as an insulating material for the covering of hot air and cold air ducts, and stated that it was superior to other insulating materials. In other words, the only representations made by The Celotex Company were that " Celotex " was an insulating material fit for the covering of hot air and cold air ducts and was better than other insulating materials. The defendants do not say that " Celotex " was recommended to them as fit for insulating the ducts and pipes as designed and planned by these engineers. The complaint says that the engineers claimed that " Celotex " was not inflammable and was an adequate insulator for hot air ducts and pipes as planned and designed by them. The only representation of The Celotex Company was that " Celotex " was sold by the company and recommended by it as a proper covering for ducts and pipes generally. In other words, the representations made by the defendants to the plaintiffs are not the same as those made by The Celotex Company to them. We recognize that this is rather a strict construction of the pleadings and yet under this section of the Civil Practice Act the liability of the third party should clearly appear, for the reason that judgment is to go against the third party as well as against the principal defendants. The object is to prevent a circuity of action. The determination of the facts to be tried will settle both claims. The causes of action must, therefore, be

the ·same, or, at least, based upon the same grounds, although arising, of course, out of different relationships.

Just what the nature of the defendants' claim against The Celotex Company may be we need not at this time consider. Their theory seems to be that of such cases as *Statler* v. *Ray Mfg. Co.* (195 N. Y. 478 [known as the Coffee Urn explosion case]). These cases involve the doctrine of the sale of articles inherently ·dangerous, following the doctrine of *Thomas* v. *Winchester* (6 N. Y. 397); *Devlin* v. *Smith* (89 N. Y. 470), and *MacPherson* v. *Buick Motor Co.* (217 N. Y. 382). There is no claim in this complaint that the " Celotex " manufactured by the company was defective or improperly manufactured or inherently dangerous. The cause of action, if any, is rather based upon the recent doctrine of negligence in the spoken word and liability for carelessness in making statements upon which others were expected to rely and upon which they did act to their damage. A negligent statement may be the basis for recovery of damage. (*International Products Co.* v. *Erie R. R. Co.*, 244 N. Y. 331; *Glanzer* v. *Shepard*, 233 N. Y. 236; *Ultramares Corp.* v. *Touche*, 255 N. Y. 170. See, also, 42 Harvard Law Review [1929], p. 733; 24 Harvard Law Review, 415; 14 Harvard Law Review, 184, and 36 Yale Law Journal, 1028; *Doyle* v. *Chatham & Phenix Nat. Bank*, 253 N. Y. 369.)

The recommendations relied upon by the defendants in this case do not amount to warranties, as there was no sale. No purchases were made of The Celotex Company by the defendants or their agents. Therefore, any express or implied warranty is not in the case. The utmost that has been pleaded are recommendations or representations, statements carelessly and negligently made, upon which recommendations the engineer defendants acted, it is said, to their loss. We think that if The Celotex Company recommended to the engineers " Celotex " as a fit and proper covering for the ducts and pipes as used and

planned for the plaintiffs' house in New Jersey, or for such a like or similar use, and the defendants acted upon the representations and statements, and will suffer damage in consequence, that then The Celotex Company may be liable for its careless and negligent words and representations, if, in fact, they were false and untrue. The respondents are in error in thinking that the supplemental answer cannot be considered by us. To answer the certified question requires a determination of the sufficiency of the pleading. The prior decision of the Appellate Division on this point is not binding on us.

As above indicated, the pleadings do not set forth these matters sufficiently to bring this supplemental answer within the sections of the Civil Practice Act (§ 193, subd. 2), and the orders, therefore, should be reversed, and the motion to vacate the order making The Celotex Company a party, granted, with costs in all courts. The question certified is answered in the affirmative.

POUND, Ch. J., LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur; CROUCH, J., concurs on the first ground stated in the opinion only.

Ordered accordingly.