JAMES TRADING CORPORATION, Appellant, v. THOMAS W. DIXSON, Respondent. — Order reversed on the law and facts, with ten dollars costs and disbursements,

---

* Affd., 262 N. Y. 688.

and motion denied, with ten dollars costs. The facts which defendant presents as a basis for his application to join third persons as parties to this action, under subdivision 2 of section 193 of the Civil Practice Act, are insufficient. They do not establish that such persons are or will be liable to defendant wholly or in part for the claim made against him in the action. The two transactions are entirely separate. While defendant may have a separate right of action against the parties whom he seeks to join in this action for the moneys which he claims he disbursed for them, the parties are in no sense answerable to him for the claim made by plaintiff against him in the present action. (*Nichols* v. *Clark, Mac-Mullen & Riley, Inc.*, 261 N. Y. 118.) Moreover, the granting of the order on the facts alleged was unauthorized. Removal of actions to the Supreme Court from other courts is authorized by the Civil Practice Act in certain specified instances. (Civ. Prac. Act, §§ 67, 73, 97, 110, 110-a and 190.) None of these provisions cover cases of this sort. All concur.