ASBURY GILBERT, Plaintiff, *v.* ELSIE MEHRTENS and Another, Defendants.

Supreme Court, Trial Term, Ulster County, March 24, 1936.

*Cashin & Ewig,* for the plaintiff.

*Augustus Shufeldt,* for the defendants.

BERGAN, J. The complaint is for ejectment. In addition to a demand that possession of the premises be restored to the plaintiff, the damage is sought in the sum of $1,000 for the withholding of possession of the premises after demand. The case is on the calendar in Ulster county, and the defendants move at the Trial Term for permission to serve an amended answer and for an order directing that Henry Rose, the plaintiff's grantor, be made a party defendant in the action pursuant to the provisions of subdivision 2 of section 193 of the Civil Practice Act. To succeed in this motion it becomes incumbent upon the moving defendants to establish that said Henry Rose is or will be liable to them, wholly or in part, for the claim made by the plaintiff.

The theory upon which the present defendants contend that the proposed additional party will be liable to them for the claim pleaded in the complaint is that the said Rose, as the predecessor in title of the plaintiff, and one Benjamin Winne, as the predecessor in title of the defendants, on or about the 20th day of July, 1932, and before either of the present parties had acquired their respective titles, established the boundary line between the respective adjoining premises subsequently conveyed to the plaintiff and these defendants, and that subsequent to the conveyance by Winne to these defendants, and while Rose was still vested with the title of the

adjoining premises now owned by the plaintiff, the said Rose pointed out to the defendants the same boundary line which had theretofore been established by him and Winne as the boundary line between the premises then owned by the defendants and the premises then owned by Rose.

It is further shown by the moving papers that Rose contracted with the defendants to erect a building upon the lands near the boundary now in dispute and now claimed by the plaintiff and in making other substantial improvements upon such lands. These buildings and improvements were completed on or about June 15, 1933, and about a year later, on June 11, 1934, the said Rose conveyed his interest in the adjoining property to the plaintiff. The theory of the proposed amended answer is that the plaintiff accepted the conveyance from Rose with knowledge that the boundary line had been fixed between Rose and the defendants' predecessor in title and with knowledge of the subsequent erection of the structure by Rose for the defendants, and asserts the defense that the estoppel which the defendants contend would run against Rose from asserting claim to the disputed portion of the land would likewise run against the plaintiff as his successor in title.

It is further alleged that the granting of the deed by Rose to the plaintiff was a fraud upon the defendants, and was for the purpose of depriving them of the benefits of the improvements made upon the land. The proposed amended answer asks that the complaint be dismissed and, as a counterclaim, that judgment be granted against the plaintiff in the sum of $1,000, and, in the event that the plaintiff recovers judgment against the defendants, that judgment be granted against the proposed defendant Rose for $1,000 and for damages in the sum of $4,000.

The theory upon which the defendants seek to recover the sum of $1,000 against the plaintiff is that they have " been compelled to retain counsel, make service and spend substantial sums of money in preparing a defense to the alleged cause of action." This does not state a cause of action either against the plaintiff or against the proposed defendant Rose.

The other allegations of the proposed amended answer, however, of estoppel operating against the plaintiff and of fraud, are available as affirmative defenses in this action, and the defendants accordingly are allowed to amend their answer to assert such defenses against the plaintiff.

Whether they should be allowed to bring in Rose as an additional defendant, however, and assert a cause of action for damages arising from fraud in the sum of $4,000 against him in the event the plaintiff recovers possession of the property and a money judg-

ment, presents a different question. The theory of the proposed claim against Rose is not identical with the theory of the plaintiff's cause of action for damage.

The complaint seeks (a) possession of the premises; (b) damages for the withholding of the premises.

The defendants do not seek to make Rose a party so that he may indemnify the defendants against that part of the prayer for relief which demands money judgment in the sum of $1,000. On the contrary, they seek to make him a party that he may be required in this action to pay the damages that will result to the defendants from their loss incident to a judgment of ejectment. It does not seem to me that the ensuing liability of Rose accruing in favor of the defendants is a liability " wholly or in part for the claim made against such party in the action " within the scope of subdivision 2 of section 193 of the Civil Practice Act. It is, rather, another and different kind of liability. In order to bring Rose within the scope of the statute, the defendants would be required to show either that he would be liable over to them for the money judgment demanded in the complaint, a theory which has not been adopted in the proposed amended pleading of the defendants, or that he would be liable to the defendants in some manner for the judgment of eject- ment. Under the well-recognized rules governing motions in pur- suance to this section, to make Rose a party it must be shown that he will be liable to the defendants for the identical relief sought against them by the plaintiff.

In *James Trading Corp.* v. *Dixson* (239 App. Div. 762, 763) the Appellate Division said that " while defendant may have a separate right of action against the parties whom he seeks to join in this action for the moneys which he claims he disbursed for them, the parties are in no sense answerable to him for the claim made by plaintiff against him in the present action." The rule is well settled. (*Stern* v. *Ide & Co.*, 212 App. Div. 714; *Greenhouse* v. *Rochester Taxicab Co.*, 218 id. 224, 227; *May Co.* v. *Mott Avenue Corp.*, 121 Misc. 398, 400; *Zauderer* v. *Market Street Long Beach Realty Corp.*, 128 id. 364.)

In *Nichols* v. *Clark, MacMullen & Riley, Inc.* (261 N. Y. 118, 123), it was said that subdivision 2 of section 193 " relates to those causes of action wherein a person not a party to the action will be liable over to the defendant for the judgment or part of the judgment recovered by the plaintiff against him." It does not seem to me that that test has been met by the defendants in their motion to make Rose a party. They do not show that, if any part of the relief is granted, either the recovery of the possession of the property or the damages incidental to the retention thereof, Rose will be liable

over to them. They do not seek to make Rose a party upon the ground that he would be liable to them for the recovery of the $1,000 damages sought in the complaint. He cannot be liable over to the defendants for the ejectment itself. His liability to them, if any, must arise in a separate action based upon damages incidental to the ejectment.

The purpose of the section is to avoid circuity of actions, but it has been said that " it is not enough to consult the convenience of the defendant alone." (*Greenhouse* v. *Rochester Taxicab Co., supra.*) The granting of the relief sought is largely discretionary, and it has been said that it will not be granted where there has been unexplained laches on the part of the moving party. (*Hines* v. *National Gum & Mica Co.*, 124 Misc. 511.) I would not regard the laches alone, however, here as sufficient ground for the denial of the motion. (*Davis* v. *Hauk & Schmidt, Inc.*, 232 App. Div. 556.)

The defendants will be left to their remedy by the institution of a separate action against Rose, and the motion to make Rose a party defendant is denied. The motion for permission to serve an amended answer asserting the additional affirmative defenses against the plaintiff consistent with this memorandum is granted, except in so far as it purports to assert a counterclaim on the grounds therein specified.

The amended pleading shall be served within five days of the notice of entry of the order upon this motion and which shall not operate as a postponement of the issue. No costs. Submit order.