ISRAEL KALISH, Plaintiff, *v.* NATIONAL BUILDING CORPORATION, Respondent, and GUSTAVE W. ISER, Impleaded Defendant, Appellant.

First Department, April 5, 1940.

*Samuel Kaufman,* for the appellant.

*Sidney Keats,* for the respondent.

DORE, J. Prior to this action defendant National Building Corporation (herein referred to as " National ") and the impleaded defendant Iser had participated in a building project, National as general contractor, Iser as architect. During the course of the building operations National borrowed $6,500, and this action is brought for the claimed unpaid balance of that loan. Defendant National contends that the money was in fact loaned by the impleaded defendant and not by plaintiff herein, and in its answer has set up as a separate defense that plaintiff is not the real party in interest. Defendant National served a cross-claim bringing in Iser as an impleaded defendant, asserting a claim against him based on his alleged violation as architect of certain specifications in the construction agreement, viz., his claimed rejection of the type of brick provided in that agreement and his arbitrary direction to furnish a different and more expensive type contrary to the

specifications. Special Term allowed the interpleader and denied the motion to vacate and dismiss.

We think the order was erroneous and should be reversed. If plaintiff is not the real party in interest that issue has been properly raised and can be determined at the trial without impleading the additional defendant, whose alleged liability to National arises out of a different claim wholly unrelated to National's liability to plaintiff for a loan. The pleadings do not set forth matters which bring the cross-claim within any of the relevant provisions of the Civil Practice Act (§ 193, subds. 1, 2). It is not within the first subdivision of section 193, since a complete determination of the controversy between the parties originally before the court can be had without the presence of the impleaded defendant; it is not within the second subdivision, as there is no showing whatever that the impleaded defendant is or will be liable to the defendant herein for the claim made by plaintiff against defendant. (*Nichols* v. *Clark, MacMullen & Riley, Inc.*, 261 N. Y. 118, 123.)

For the reasons stated it was error to deny the motion to vacate the order of interpleader and dismiss the cross-claim against the impleaded defendant. It is, accordingly, unnecessary to pass upon the alleged legal insufficiency of the cross-claim, since, even if sufficient, it was improperly interposed.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to vacate the order of interpleader granted.

MARTIN, P. J., UNTERMYER, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion to vacate the order of interpleader granted.