ABE WEISSMAN, Appellant, *v.* SPENCER, WHITE & PRENTIS, INC.,
Respondent.

First Department, June 18, 1941.

*Henry W. Holzman* of counsel [*Benjamin H. Siff* with him on the brief; *Kaiser & Holzman*, attorneys], for the appellant.

*Maurice Iserman* of counsel [*Thomas P. Morrissey* with him on the brief; *Spencer & Iserman*, attorneys], for the respondent.

UNTERMYER, J. The plaintiff's cause of action is for injuries caused by the negligence of the defendant in the maintenance of a scaffold which the defendant had agreed to supply in the construction of a portion of the New York City Subway System. The theory on which the defendant seeks to bring in Circle Painting, Inc., as a party defendant and to recover over against it for any judgment against the defendant is that it had failed to perform its agreement to insure the defendant against liability resulting from the work.

Such a recovery against this third party would not be " for the claim made against such party [the defendant] in the action " (Civ. Prac. Act, § 193, subd. 2) for the reason that Circle Painting, Inc., has not indemnified the defendant against the claim asserted by the plaintiff. The claim asserted by the plaintiff is for damages resulting from the negligence of the defendant. The claim asserted by the

defendant against Circle Painting, Inc., is for breach of a contract to cause the defendant to be insured against such a liability. Although the measure of damages might, in some instances, be the same, situations are readily conceivable where that would not be true. One such element in the measure of damages might be the solvency of the company in which the insurance was to be placed. That is an element which would not exist where the third party had indemnified the plaintiff against loss or liability. We are of opinion, therefore, that there is no such identity or relation between the plaintiff's claim against the defendant and the defendant's claim against Circle Painting, Inc., as to warrant the granting of the motion. (Compare *Nichols* v. *Clark, MacMullen & Riley, Inc.,* 261 N. Y. 118.)

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied.

MARTIN, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion denied.