JOSEPH DARCEY, Plaintiff, *v.* GREATER NEW YORK BREWERY, INC., and WALTER DRESCHER, Defendants.

City Court of New York, Special Term, New York County, March 2, 1943.

*A. H. Waisman* and *Edward Pious* for plaintiff.

*Reginald V. Spell* for Greater New York Brewery, Inc., defendant.

*Anson W. Van Ness* for Walter Drescher, defendant.

KELLER, J. This is a motion to dismiss a cross-complaint interposed by defendant Drescher against defendant Greater New York Brewery, Inc., under section 264 of the Civil Practice

Act. Plaintiff sues both defendants for personal injuries allegedly sustained by him as a result of a collision with an automobile driven by defendant Drescher, allegedly acting as the agent and employee of defendant Greater New York Brewery, Inc. The gist of the cross-complaint by Drescher against the brewery company is that when he entered the latter's employ it agreed with him that it would cause liability insurance to be taken out to protect him in the event any accident occurred during the course of his employment. Drescher alleges that the brewery company failed to effect such insurance and pleads that " if judgment for damages is recovered by the plaintiff in this action against this defendant, Walter J. Drescher, then this defendant is entitled to judgment over against the defendant, Greater New York Brewery, Inc., for any amount so recovered."

It seems to me that the cross-complaint presents a controversy independent of the matters alleged in the complaint, and not connected with or related to the cause of action pleaded in the complaint. The cross-complaint does not state a claim for indemnification as and for the reason pointed out in *Weissman* v. *Spencer, White & Prentis, Inc.* (262 App. Div. 155). That case is therefore relevant here, although a different statute is involved, for section 264 of the Civil Practice Act, like subdivision 2 of section 193 of the Civil Practice Act, permits the interposition of a cross-claim for indemnification, but not one which amounts to wholly independent litigation concerning another matter. A judgment here in plaintiff's favor will not determine the ultimate rights of the two defendants in relation to the alleged agreement that the Greater New York Brewery, Inc., would carry liability insurance in favor of Drescher, and the latter defendant should not be permitted to import into the case his controversy with the brewery company concerning the breach by that company of its alleged contract to carry such insurance.

The motion to dismiss the cross-complaint of the defendant Drescher, against defendant Greater New York Brewery, Inc., is granted.

Order signed.