HAROLD C. SCHUTRUM et al., Plaintiffs, *v.* GEORGE E. HORTON et al., Defendants.

County Court, Chemung County, October 22, 1946.

*A. H. Harpending* and *Donald H. Monroe* for defendants.

*James L. Burke* for plaintiffs.

*James E. Personius* for Bertha Kies.

MATHEWS, J. This is a motion made by the defendants under the provisions of subdivision 2 of section 193 of the Civil Practice Act to bring in as a defendant Bertha Kies, claiming that she is liable over in this suit for specific performance of a land sales contract for the sale to the plaintiffs of property belonging to the defendants, which contract was negotiated by said Bertha Kies as a real estate broker.

I am deciding this motion upon the reasoning set forth in the *Celotex* case, *Nichols* v. *Clark, MacMullen & Riley, Inc.* (261 N. Y. 118). After carefully analyzing the allegations in the pleadings, the court laid down the test in the following words (pp. 124–125): " The object is to prevent a circuity of action. The determination of the facts to be tried will settle both claims. The causes of action must, therefore, be the same, or, at least, based upon the same grounds, although arising, of course, out of different relationships."

Under this rule, a pleading setting forth the liability of Bertha Kies as the person " principally and wholly liable " would be too broad. In their affirmative defense, the defendants allege that the contract was procured by the fraud and misrepresentation of the third party acting as the agent of the plaintiffs; and the defendants would be limited to this allegation in their supplemental answer against the third party, and would be precluded from offering any evidence to establish such fraud and misrepresentation on the part of the third party acting for herself or as an agent of the defendants.

In order that the determination of the facts to be tried will settle both claims in the present case, the defendants will be required to set up a cause of action against the third party based on the fraud and misrepresentation of the third party as agent of the plaintiffs, to correspond with the affirmative defense set up in their answer. In this event, we would have the following result: (1) If the plaintiffs are successful in establishing their contract, which means that the defendants fail in establishing their affirmative defense that the third party

procured the contract by fraud and misrepresentation as the agent of the plaintiffs, we have the situation where the plaintiffs would be entitled to specific performance; but the defendants having failed to establish their affirmative defense, have likewise failed to establish their cause of action against the third party, so there would be no liability over upon the judgment.

(2) If the plaintiffs shall fail in establishing their contract so that they are not entitled to specific performance because the defendants have established their affirmative defense, and by the same token their cause of action against the third party, we have a situation where the defendants have established the liability of the third party without damages to themselves because the plaintiffs have failed.

The defendants rely strongly on the case of *Travlos* v. *Commercial Union of America, Inc.* (217 App. Div. 352) and quote as follows from this case (p. 358): " ' The statute is satisfied if the success of the plaintiff necessarily establishes the main question of fact which the defendant must establish to pass on, in whole or in part, the liability to the omitted third party.' "

This rule is easily applied to the *Travlos* case (*supra*) in which there was but a single claim — a mistake made in effecting the insurance in English pounds instead of American dollars; plaintiffs say the defendant is liable for the mistake; the latter replies that its agent made the mistake and is therefore liable.

We cannot apply this rule to the present case because the success of the plaintiffs depends upon establishing the contract. If the plaintiffs succeed in establishing the contract, it means that the defendants fail in establishing the fraud and misrepresentation on the part of the third party and therefore have failed to prove that the third party is liable over in damages upon the judgment.

I believe that the case of *Gilbert* v. *Mehrtens* (159 Misc. 702, an action for ejectment), cited in 'the memorandum of third party, most clearly expresses the law in the present proceeding. Paraphrasing — to make Kies a party, it must be shown that she will be liable to the defendants for the same kind of relief sought against them by the plaintiffs. Kies cannot be liable over to the defendants for the specific performance itself. Her liability to them, if any, must arise in a separate action based upon damages incidental to the specific performance.

Therefore, I am denying the application of the defendants upon the ground that subdivision 2 of section 193 of the Civil Practice Act is not applicable to the present case.