Per Curiam.

Plaintiffs sue defendants on account of a collision between an automobile in which plaintiffs were driving and a tractor, owned by defendant Patricia A. Fort and operated by defendant Alfred Fort, which was hauling a trailer owned by defendant Balio. The .answer of defendant Balio sets up a cross claim against defendants Fort, pursuant to section 264 of the Civil Practice Act, claiming that defendants Fort should be required to indemnify and save defendant Balio harmless against any judgment which might he recovered by plaintiffs in the action. Defendants Fort sought by motion to serve an amended answer to set forth a cross complaint against defendant Balio, asserting an agreement on his part to provide insurance and to indemnify defendants Fort against all claims arising out of the operation of the tractor and trader. Defendants Fort also moved for a severance of the issues arising under the respective cross complaints.
Special Term denied the" motion on the ground that there was no such identity between plaintiffs’ claim against defendants Fort and their cross claim against defendant Balio as would justify the granting of the relief asked, citing Weissman v. Spencer, White & Prentis, Inc., (262 App. Div. 155). That case held that a defendant might not bring in a third *246 party defendant, under subdivision 2 of section 193 of the Civil Practice Act on a claim over against such party that he had agreed to insure the defendant against liability resulting from the work out of which plaintiff’s claim arose. This court held that there was no such identity or relation between plaintiff’s claim in tort and defendant’s cross claim in contract as to warrant the granting of the motion in that case. We think the situation is quite different, however,' where the party against whom the cross claim is asserted is already in the action as a co-defendant at the plaintiff’s suit, and has cross-claimed against the defendant to shift to him the burden of any- award which might be made in favor of the plaintiff against the co-defendant. The defendant should then be permitted, under section 264 of the Civil Practice Act, to set up by way of defense and cross claim any claim which he has against the co-defendant to meet the co-defendant’s cross claim or to shift to him any liability which the defendant might be under to the plaintiff.
The proposed amendment to the answer should, therefore, be allowed. As defendant Balio claims that the new issue presented by the amendment will prejudice him in the defense of the main action, it is proper in the interest of both defendants to grant also that part of appellants’ motion which seeks a separate trial of the issues arising under the cross complaints of the respective' defendants.
The order appealed from should be reversed, with $20 costs and clisbursements to the appellants against the defendant-respondent and the motion granted.
Martin, P. J., Glennon, Dore, Cohn and Peck, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellants against the defendant-respondent and the motion granted. Settle order on notice.