SOLOMON VERDER et al., Plaintiffs, *v.* LEONARD SCHACK et al., Defendants and Third Party Plaintiffs. BAR-MEN UNDERGARMENT CORP., Third Party Defendant.

Supreme Court, Special Term, New York County, June 3, 1948.

*Emil K. Ellis* for plaintiffs.

*William J. Trop* for defendants and third party plaintiffs.

*Van Orman & Harmon* for third party defendants.

PECORA, J.  Motion to dismiss third party complaint is granted.  Third party plaintiffs were sued as the owners of a building for injuries received as a result of a fall down the shaftway of the elevator hoistway in the building.  The third party complaint alleges that the third party defendant was a lessee of the third floor of the premises and was in control of the third floor including the elevator, elevator door and elevator locks.  It further alleges that if recovery is had by plaintiffs against them, then such liability was caused by the primary and active negligence of the third party defendant in the maintenance of the elevator doors and locks on the third floor.

Under section 193-a of the Civil Practice Act the rule still applies that where a plaintiff seeks to sue one of two joint tort-feasors, such defendant may not bring in the other tort-feasor to seek liability over except where there is an agreement of indemnity or the liability of the original defendant is predicated upon passive negligence imposed by law and the liability of the joint tort-feasor is based upon active negligence.  It is clear in this case that the third party plaintiffs and third party defendant would be joint tort-feasors.  Furthermore the complaint against the third party plaintiffs proceeds on the theory of negligence in the control and operation of the elevator and shaftway by the owner of the premises.  In this respect the case differs from *Wischnie* v. *Dorsch* (296 N. Y. 257) and *Clemente* v. *Rockefeller* (189 Misc. 835) where the owner landlords had neither possession nor control of the demised premises which were leased in their entirety to the tenant. There the tenants had an active or primary duty while the owner was under a statutory duty and was, at most, a passive wrongdoer.

The third party complaint alleges that the lease obligates the tenant to indemnify the owner for any damages which might be recovered against the owner by the plaintiffs.  However, neither the lease nor the language thereof, upon which the third party plaintiffs rely, is set forth.  Therefore, it cannot be determined whether such an indemnity agreement is applicable. (See *Semanchuck* v. *Fifth Ave. & 37th St. Corp.,* 290 N. Y. 412.)

The motion to dismiss is granted with leave to serve an amended third party complaint, within twenty days after service of a copy of the order to be entered hereon with notice of entry, which shall set forth adequately the agreement which is relied upon for indemnity.