Deyo, J.
(dissenting). Plaintiff was a painter employed by a third party under a contract to paint defendants’ house. A canopy or marquee from which he was working, collapsed, with resultant injuries to plaintiff. There was evidence from which the jury might have found that the plaintiff was induced to go upon the marquee upon the representations and statements of the defendants to the effect that previous, workmen had used the marquee and that it was safe, but that in fact the defendants knew or should have been known that the marquee was in such condition as to render it a dangerous place from which to work. Having invited the plaintiff to work in a place of danger, the defendants must bear the consequences. (Thomas v. Solvay Process Co., 216 N. Y. 265; Wohlfron v. Brooklyn Edison Co., 238 App. Div. 463, affd. 263 N. Y. 547.) Furthermore, a careless statement upon which another may be expected to rely and upon which he does act to his damage, may form the basis for a recovery in negligence. (Nichols v. Clark, MacMullen & Riley, Inc., 261 N. Y. 118; Panica v. New York, N. H. & H. R. R. Co., 295 N. Y. 756.)
The judgment and order should be affirmed, with costs.
Saxtry, J., concurs with Brewster, J.; Foster, P. J., concurs in a separate memorandum; Deyo, J., dissents, in an opinion in which Hefferxax, J., concurs.
Judgment and order reversed, and complaint dismissed, on the law, without costs.