FLORINE DUNN, Claimant, v. STATE OF NEW YORK, Defendant. (Claim No. 29485.)

LESLIE DUNN, Claimant, v. STATE OF NEW YORK, Defendant. (Claim No. 29486.)

WANDA DUNN, by Her Guardian ad Litem, LESLIE DUNN, Claimant, v. STATE OF NEW YORK, Defendant. (Claim No. 29769.)

MAX SCHNURR, JR., Claimant, v. STATE OF NEW YORK, Defendant. (Claim No. 29894.)

Court of Claims, March 11, 1950.

*Nathaniel L. Goldstein, Attorney-General* (*Sidney B. Gordon* of counsel), for defendant.

*Ross Brown* for Florine Dunn and others, claimants.

*John M. Schneider* and *Daniel Scanlon* for Max Schnurr, Jr., claimant.

YOUNG, J. An automobile operated by Betty Jean Koonz, and owned by Max Schnurr, Jr., who was a passenger in the car, went off the paved portion of the New York State highway No. 3. The Schnurr automobile swerved back on to the pavement out of control, ran across the road and collided with a vehicle in which were riding Florine, Leslie and Wanda Dunn. The Dunns and Schnurr have filed claims in this court alleging the negligence of the State of New York in allowing the existence of a dangerous condition on the highway. It is alleged that this condition caused the Schnurr car to go out of control. Betty Jean Koonz moved this court for permission to file a claim which was denied for reasons not applicable here. The Dunns have instituted suit in the Supreme Court against Schnurr alleging that their injuries were brought about through his negligence.

The State has moved, by a show cause order, that the claimant Schnurr be added as a party defendant in the Dunn claims.

In the memorandum in support of the State's motion submitted on the return of the show cause order, the State cites as its authority section 193-a of the Civil Practice Act and contends with respect to its own liability "that any negligence, which may be imputed, is passive in nature and that the cause of the accident was the active wrong doing of claimant Schnurr ".

The State has not presented a proper case so as to avail itself of the remedies afforded by section 193-a of the Civil Practice Act. (See *Nichols* v. *Clark MacMullen & Riley, Inc.*, 261 N. Y. 118; *Cloud* v. *Martin*, 273 App. Div. 769, and *Verder* v. *Schack*, 191 Misc. 935.)

In its affidavit seeking the show cause order the State cites as its authority for impleader sections 212 and 211-a of the Civil Practice Act and subdivision 3 of section 9 of the Court of Claims Act and it avers that "the accident, injuries and damage complained of may have been caused by the joint negligence of the claimant, Max Schnurr, Jr., and the State of New York ".

The only possible claim that the State has against Schnurr is such a claim as has any joint tort-feasor who has been sued against another joint tort-feasor who has not been sued. The law is well settled that a plaintiff may choose which of several defendants responsible for his injuries he will sue, the court or courts in which he may bring his action and the time and the order of his prosecution of the respective suits. The State cannot implead a joint tort-feasor who has not been sued. (*Fox* v. *Western New York Motor Lines, Inc.*, 257 N. Y. 305; *Monteverdi* v. *French Realty Corp.*, 190 Misc. 304; *Verder* v. *Schack*, *supra*.)

The motion is denied.

Submit order.