ROBERT I. WISHNICK, Respondent, *v.* PRESERVES & HONEY, INC., Appellant.

(Argued November 23, 1936; decided December 31, 1936.)

*Walter C. Lundgren, John F. Dooling, Jr.,* and *William Piel, Jr.,* for appellant.

*Aaron William Levy* and *Louis Goldstein* for respondent.

FINCH, J.   John P. Thomy retired as president of Preserves & Honey, Inc., the defendant. After his retirement the corporation claimed that he owed it a substantial amount of money. Thomy made counterclaims. Thomy and the defendant compromised their claims under an agreement which recited that claims and counterclaims had been made by the parties and were disputed. It then provided that (1) Thomy should pay the defendant corporation $7,500 by the release of a salary claim for something over $1,000, and by a cash payment of close to $6,500. (2) Thomy should deliver to the corporation his four promissory notes in the amount of $7,500 each, payable over a period of four years, making a total of $30,000 in the form of notes. (3) Thomy should deliver and assign to the corporation certain policies of life insurance upon his life " * * * as security only, however, as hereafter set forth:

" The Corporation shall hold the said policies of insurance to the extent that they are so assigned, i. e., Forty thousand dollars ($40,000), as security for the payment of the said four promissory notes, of the total amount of Thirty thousand dollars ($30,000), and forthwith upon the payment of each of the said notes, shall reassign to Thomy an amount of such policies equal to the face value of the note so paid. The amount of insurance by which the total amount of insurance assigned, i. e., Forty thousand dollars ($40,000), exceeds the amount of the face value of the notes, i. e., Thirty thousand dollars ($30,000), or the sum of Ten thousand dollars ($10,000), shall be reassigned to Thomy upon and simultaneously with the completion of payment of all of the said notes *and the corporation shall be entitled to such excess amount of insurance, i. e., Ten thousand dollars ($10,000), in the*

*event, and only in the event, that Thomy shall die prior to
the payment of all the said notes,* or shall default in any of
his obligations hereunder or on the notes. Thomy may
at his option pay any or all of the said notes at any time
prior to their due dates. In the event of Thomy's default
hereunder, or on the notes, the Corporation may surrender
the insurance policies to the respective insurers thereunder
and apply the cash surrender value thereof to the pay-
ment of the balance due on the notes or toward making
good any such default." (Italics interpolated.)

Thomy died before the payment of any of the notes
and the defendant Preserves & Honey, Inc., recovered the
sum of $42,000 on the insurance policies. One of the
policies upon which the defendant collected was for
$25,000 issued by the Missouri State Life Insurance
Company and assigned to the defendant to the extent of
some $20,000. Robert I. Wishnick, the plaintiff, was a
creditor of Thomy to whom the latter also had assigned
this $25,000 Missouri State Life policy as security for his
indebtedness to the extent that the claim could be sub-
stantiated. This assignment was even prior in time to the
one given to the defendant.

Wishnick brought an action against the defendant
for money had and received, his complaint setting forth
two alternative causes of action. *First,* he claimed the
full indebtedness of Thomy to him, which amounted to
about $13,000, upon the theory that the assignment was
prior in time and right. *Secondly,* he claimed $10,000,
upon the theory that the debt to the defendant was only
$30,000 and that it was not entitled to retain any moneys
in excess of that amount. The Trial Term held that the
defendant's assignment had priority although the plain-
tiff's was prior in time on the ground that the applicable
Missouri law gives priority to the assignee who first gives
notice to the debtor or obligor. It also upheld the
validity of the contract provisions providing for the
retention of $40,000 from the proceeds of the policies in
the event of the death of Thomy. It, therefore, awarded

the plaintiff only the amount in excess of $40,000 received by the defendant on the policies, or approximately $2,000.

The Appellate Division, two justices dissenting, modified the judgment and awarded the plaintiff an additional $10,000, holding that the defendant was entitled only to $30,000. There was an affirmance of the holding of the Special Term that the assignment to the defendant was prior in right though subsequent in time.

The plaintiff has failed to appeal from the determination against him on the question of priority and, therefore, the only question raised upon this appeal is whether the defendant is entitled to $40,000 or $30,000. The rights of the defendant grow out of the contract between it and Thomy and the determination of the question before us depends upon an analysis of this contract.

The contract expressly provided in reference to the excess over $30,000 that "The corporation shall be entitled to such excess amount of insurance, i. e., Ten thousand dollars ($10,000), in the event, and only in the event, that Thomy shall die prior to the payment of all of the said notes * * *." There is nothing ambiguous or obscure about the provision.

Preserves & Honey, Inc., is to be paid $30,000 if Thomy lives, the assignment of $40,000 worth of insurance policies being the security for such payment. In case of default by Thomy, Preserves & Honey, Inc., may surrender all the insurance policies and apply the cash surrender value to the payment of the balance due. Should Thomy die prior to the payment of all the notes, as was the case, the defendant is entitled to $40,000 out of the proceeds of the policies. Nor can ambiguity be found in the use of the phrase " as security only," because that very sentence goes on to say " as security only, however, as hereafter set forth," and then recites the provisions outlined above.

It is asserted that the provision for the payment of the additional $10,000, viz., $40,000 rather than $30,000, in the event of the death of Thomy, is in the nature of a

forfeiture or penalty or a waiver of the right of redemption and, therefore, null and void. The argument would have much merit if the sum owed by Thomy, to Preserves & Honey, Inc., was $30,000 or if the parties definitely liquidated the debt at $30,000. That is not the case. An unliquidated amount was owed to the defendant. Claims were made and disputed. Similarly counterclaims were made and disputed. Thereupon the parties entered into the agreement which recited this fact and compromised the claims at various amounts depending upon the circumstances.

Where there is a dispute between parties concerning the amount of an unliquidated debt the parties may enter into a binding compromise agreement. (See *Hudson* v. *Yonkers Fruit Co.*, 258 N. Y. 168.) The compromise agreement may provide for the payment of varying amounts depending upon different contingencies. Thus where a claim of $10,000 is made it may be compromised for $5,000 in cash or $7,500 in notes. In such an agreement the reason for the difference in amount is patent, but it is unnecessary for any reason to appear. The parties are entering into a contract for a valid consideration and they may fix the terms. They could provide for the payment of $5,000 or $7,500 or any other amount less than $10,000 or the sum honestly claimed to be due and they may provide for the payment of such sums in the alternative depending upon the circumstances.

The analogy is applicable in the case at bar. The agreement in the case at bar was to pay $30,000 if Thomy lived and $40,000 if he died, thereby making the proceeds of his policies available. The agreement could have provided for the payment of $30,000 and further provided that if the income of Thomy exceeded a fixed amount the payment should be $40,000. It could have fixed the payment at $40,000 whether Thomy lived or died. No reason appears for holding that the parties could not provide for the payment of $40,000 in the event of Thomy's death and at the same time provide for the payment of the

lesser amount if Thomy did not die. Moreover, there appears a reasonable ground for providing the greater amount in the event of Thomy's death as death would make available the insurance funds which would not be at his disposal if he should live. Compromise agreements which are based entirely upon ability to pay have been upheld. (*Tebo* v. *Robinson,* 100 N. Y. 27.)

The question of penalty or forfeiture might arise if one of the alternative sums exceeded the amount claimed by the defendant. In such case it might be argued that the agreement was giving the defendant even more than it had claimed. That question is not before us. True the agreement does not recite the amount of the claims or counterclaims, but at the trial the defendant offered to prove that the claims exceeded the counterclaims by $80,000. The trial court refused to admit this evidence on the ground that it was irrelevant since the parties had compromised a disputed claim. It is evident that the claims exceeded the counterclaims by much more than $40,000. It is unnecessary to show that such claims were valid. It is sufficient that they were honestly made. Since the parties compromised a disputed claim at varying amounts, all of which were less than the amount claimed, no reason appears for declaring a nullity the agreement to pay $40,000 in the event of Thomy's death.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur; LEHMAN, J., dissents.

Judgment accordingly.