JOHN W. CUNNINGHAM et al., Plaintiffs, *v.* CIRKER'S MOVING & STORAGE Co., INC., Defendant and Third-Party Plaintiff, et al., Defendants. C. & F. WAREHOUSES, INC., Third-Party Defendant.

Supreme Court, Special Term, New York County, April 6, 1949.

*Levy and Berman* for third-party defendant.

*Robinson, Hennessy & Gales* for plaintiffs.

*Henry J. Bogatko* and *Daniel Danaher* for defendant and third-party plaintiff.

*Rudser, Price, Haskell, Rafferty & Mulligan* for Simonsen & Emerson Corporation, defendant.

*Shumate, Barrett & Molloy* for Joseph Arnold, doing business as Concrete & Rock Breaking Company, defendant.

SCHREIBER, J. To the extent that this motion seeks to dismiss the third-party complaint for alleged insufficiency, it is denied. It is possible that the plaintiffs may recover against the third-party plaintiff on the basis of the allegations of the complaint that the third-party plaintiff warranted that the warehouse was fireproof, but failed to maintain a fireproof warehouse as warranted (paragraphs Third and Sixth of complaint). Under section 193-a of the Civil Practice Act the claim of the third-party plaintiff against the third-party defendant " need not rest upon the same cause of action or the same ground as the claim asserted against the third-party plaintiff." This provision renders obsolete the case of *Nichols* v. *Clark, MacMullen & Riley, Inc.* (261 N. Y. 118) decided prior to the enactment of section 193-a (L. 1946, ch. 971).

Even if a recovery against the third-party plaintiff should be based upon a finding that the latter was negligent, it may well be that it is entitled to a recovery over against the third-party defendant on the theory that it is not *in pari delicto* with the latter because its negligence was passive and consisted merely of the failure to discover, whereas the negligence of the third-party defendant was the primary and efficient cause of the damage (see *Iroquois Gas Corp.* v. *International Ry. Co.,* 240 App. Div. 432, 433). It is to be noted that the third-party complaint alleges that the third-party plaintiff did not know of or consent to the use of acetylene torches for the burning away of the re-enforcing rods, whereas the third-party defendant, who caused the work to be done, did know of the use of the torches and of the dangerous effects to be apprehended therefrom (paragraph Seventh, third-party complaint). Moreover, the third-party defendant may be liable over to the third-party plaintiff on the basis of the former's breach of its duty as landlord of the third-party plaintiff to protect the latter against disturbance of its possession, a nondelegable duty (*Paltey* v. *Egan,* 200 N. Y. 83).

To the extent that the present motion seeks to dismiss the third-party complaint in the exercise of the court's discretion, the motion is likewise denied. It appears that plaintiffs themselves have brought in the third-party defendant as a defendant to the action instituted by them. Since the third-party defendant is now a defendant to the plaintiffs' action, the third-party plaintiff is entitled as a matter of right under section 264 of the Civil Practice Act to assert a cross claim against the third-party defendant. Put somewhat differently, the third-party defendant is no longer such. It is now merely a defendant to the original action. In the circumstances, no useful purpose can be served by dismissing the third-party complaint, for the third party plaintiff can immediately thereafter assert the same cause of action as a cross claim instead of as a third-party complaint.

The motion is denied in all respects, with leave to answer within ten days from the service of a copy of this order with notice of entry.