ALMARINE REALTY CORP., Landlord, Respondent, *v.* MARTIN STERN, Tenant, Appellant, and LAWRENCE J. HOWELL, Under-tenant, Appellant.

Supreme Court, Appellate Term, First Department, December 11, 1952.

*Louis Niden* and *Saul Pulver* for appellants.

*Joseph L. Lefkowitz* for respondent.

*Per Curiam.* The petition is jurisdictionally defective for failure to allege the existence of a contractual right to terminate the tenancy prior to the expiration date fixed in the lease (*Blum* v. *Lewis,* 192 Misc. 949). Furthermore, the exclusion of Tenant's Exhibit C for Identification was error. That exhibit contains a written promise by the then owner of the property not to object to a subletting of the apartment to a person of reputable standing. Said owner, prior to conveying the prop-

erty to the present landlord, consented in writing to an assignment of the lease to Howell. Having thus indicated its willingness to accept Howell as a tenant, it could not validly object to a sublease to Howell on the ground that he was not a person of reputable standing within the meaning of Exhibit C (*supra*). Indeed, no claim has been made that Howell is not a person of reputable standing. The present landlord took the property on the day of closing subject to such consents as its grantor had theretofore given to the tenant.

The final order should be reversed, with $30 costs, and final order directed in favor of appellants dismissing the petition on the merits, with costs, without prejudice to the rights, if any, of the present owner against the former owner seller.

HAMMER, HOFSTADTER and EDER, JJ., concur.

Final order reversed, etc.