WEDTKE REALTY CORPORATION, Appellant-Respondent, *v.* MICHAEL KARANAS, Respondent-Appellant.

Fourth Department, July 14, 1955.

*Robert S. Lesher* and *T. Kayler Jenkins* for appellant-respondent.

*Charles O. Burney, Jr., John R. Pillion* and *Nicholas Konst* for respondent-appellant.

WHEELER, J. The defendant-appellant Karanas entered into possession of the premises here involved as tenant under a written lease executed by the City of Buffalo, the plaintiff's predecessor in title, as landlord. This action was commenced for a reformation of the lease and certain declaratory relief. The chief question presented is whether the tenant made an enforcible promise (which the lease, as written, does not express)

to install an elevator. The judgment appealed from denied reformation on the ground that defendant's promise to install an elevator was too vague to be enforced, but rescinded the lease because of his failure to perform the same promise, and adjudged that his occupancy of the premises is without legal right.

We are in substantial agreement with the disposition of the case by the learned Trial Justice but differ as to the type of relief required. We agree that the evidence warrants findings that the tenant promised to install an elevator in the demised premises, that the promise was an inducement and consideration for the lease, that by mutual mistake of the parties the written lease failed to express the said promise, and that although he has had more than a reasonable time to do so the tenant has not performed the same.

We do not regard the promise as too vague to permit reformation of the lease. Rejection of a contract for indefiniteness " is at best a last resort " (*Cohen & Sons* v. *Lurie Woolen Co.,* 232 N. Y. 112, 114). " A promise is not too indefinite if it can be made certain by reference to outside matters." (1 Williston on Contracts [Rev. ed.], § 47.) The promise was to install an elevator suited to the tenant's needs, costing about $12,000, and " approved by the Department of Labor, State of New York." We think the regulations of the Department of Labor governing factory elevators supply the required definiteness (3 N. Y. Official Compilation of Codes, Rules & Regulations, pp. 68–93; *Hicks* v. *British Amer. Assur. Co.,* 162 N. Y. 284; *Long* v. *Owen,* 21 Idaho 243).

The correct remedy for a clerical error in reducing a valid agreement to writing would seem to be reformation and not rescission (*Curtis* v. *Albee,* 167 N. Y. 360; *Abner M. Harper, Inc.,* v. *City of Newburgh,* 159 App. Div. 695). The judgment appealed from should be modified by striking therefrom the first and fourth paragraphs thereof, and by adding thereto a new ordering paragraph reforming the lease executed January 31, 1950, to express the promise of the tenant to install a freight elevator suited to his purposes, costing approximately $12,000, and according to plans to be approved by the Department of Labor. As modified, the judgment should be affirmed.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

Judgment modified, on the law, in accordance with the opinion and, as modified, affirmed, without costs of these appeals to either party. The findings of fact have been examined and affirmed.