Matthew M. Levy, J.
Motions numbers 47 and 55 of September 13, 1956, are consolidated for the purposes of this decision. In the former motion the employer moves to confirm an arbitrators’ award and to enter judgment thereon; and in the latter motion, the union moves to correct or modify the same award.
The employer, Rockaway News Supply Company, is a newspaper and magazine distributor in New York State. The union, Newspaper and Mail Deliverers’ Union of New York and Vicinity, represents certain of the employer’s workers under a collective bargaining agreement. That agreement, in section 18, sets up an adjustment board, to be presided over by an impartial chairman, and to be otherwise constituted by equal representation of the employers’ group and of the union. Subdivision d of section 18 reads in part that ‘ ‘ such Board shall have the power to hear and determine all questions that may arise with respect to the interpretation or application of any of the provisions ” of the collective agreement.
*408 The union initiated the arbitration in question. It asserted that the employer had started “ a change in practice ” in the delivery and distribution of pocket books as specified in the contract in that it assigned that type of work to nonunion personnel*. The nub of the complaint was that the employer was permitting its sales promotion men to deliver pocket books in station wagons called “Bookmobiles”, which the union claimed was a direct violation of that part of the agreement which defines the operations to be performed by the covered employees, as follows:
“ 1. All work in the delivery and handling of newspapers, magazines, periodicals, publications and merchandise in the operations performed by the following: chauffeurs, distributors, route men, tiers, floor men, wrapper writers and relay men.
“ 2. Newspapers, magazines, periodicals, publications and merchandise delivered in Nassau and Suffolk Counties are within the territorial jurisdiction of the Union. Newspapers, magazines, periodicals, publications and merchandise delivered to the country territory by train or plane are not under the jurisdiction of the union.” (Schedule A, p. 45.)
A hearing was requested by the union and consented to by the employer. After due hearing, the adjustment board, by a majority decision, made the following award: “Part I. The members of the Newspaper and Mail Deliverers’ Union of New York and Vicinity are entitled to perform all of the work involving the bulk delivery of publications, such as pocket books, and more particularly the operation of such vehicles as are used specifically for the delivery and servicing of pocket book racks, which have been designated as ‘ Bookmobiles.’
“ Part II. The union will permit, without protest, the sales promotion employees of the Company to continue to perform their work in the manner in which it was done in the past, prior to the introduction of the so-called ‘ Bookmobile, ’ with each such employee to be permitted to carry a reasonable number of pocket books as initial stock for each day’s trip.”
The union opposes the confirmation of the award and asks its modification upon the grounds that Part II was not part of the question submitted, is vague and indefinite, is not final and changes the terms of the basic contract. The union asks, in the alternative, that the court direct the employer to submit to arbitration upon the issue as to whether that part of the award under attack is now being violated, in that the employer’s *409 sales personnel are being permitted to carry more than a “ reasonable ” number of pocket books; or that the court confirm the award and enjoin the employer to the extent that such sales promotion men are carrying more than a “ reasonable ” number of pocket books in performing their jobs.
In my view, the award as rendered is not subject to the attack leveled against it. It does not change the agreement; it does not exceed the authority of the arbitrators as conferred upon them by the agreement; nor does it go beyond the question presented to them for determination." In Part I, the award defines the type of work which the arbitrators construe to be solely that of the employees represented by the union within the terms of the agreement, and, in Part II, the award specifies what the sales promotion employees are permitted to do — thereby making clear the line of demarcation between the services of the latter and those prescribed as the sole province of the union members; That finding is consistent with the arbitrators’ authority to interpret and construe the relevant provisions of the contract. No written stipulation limiting the scope of the permissible contractual interpretation was entered into. And it is conceded by both parties that the matter submitted for arbitration was with respect to the interpretation or application of the agreement involved as to the work performed by the various categories of employees thereunder.
That the award refers to the performance of the work “ in the manner in which it was done in the past ” does not make the award uncertain. That “ manner ” is a fact, to be ascertained, if in issue, as would any other fact. And that the award permits the sales promotion employee “ to carry a reasonable number of pocket books as initial stock for each day’s trip ” — so that he might continue to perform his work as heretofore — does not make the award vague. What is “ reasonable ” is as definite in the instant context as it is in other relationships of business, of employment and of law. That there may be a dispute as to what has been done in the past or what is reasonable in the circumstances of this narrow area of service of these employees — which dispute may have to be resolved by negotiation or arbitration under the contract — does not mean that the present award is tainted with lack of finality.
If the language of the contract had included the award clause objected to, the contract as such would not (in my view) be struck down upon the ground that it was so vague or indefinite or incomplete that the minds of the parties must not have met on its essential terms. The law is clear that an agreement “ is not too indefinite if it can be made certain by reference to *410 outside matter's ” (1 Williston on Contracts [Rev. ed.], § 47; cf. Cohen & Sons, v. Lurie Woolen Co., 232 N. Y. 112, 114; see 1 Corbin on Contracts, § 95). An arbitrators’ award should, of course, be definite and clear enough to be understood, but it need not — I take it — be more precise, detailed and meticulous than the collective agreement itself. While this thesis is not discussed in the briefs of counsel, I venture the suggestion that — in the circumstances and background of the present industrial controversy the courts might well make that principle the test of the appropriateness of the award under the contract. Adopting the rule for myself, I do not find the award vulnerable.
Indeed, apropos of this question, it would appear that, in the first instance, the union itself did not question the definiteness or finality of the award. After the making of the award, the union applied for and obtained an arbitration hearing upon the issue of the employer’s alleged violation of Part II thereof; and the proceeding before the adjustment board is still pending. That circumstance and the position so taken by the union are inconsistent with the claim now asserted that the award in Part II thereof is indefinite and not final. I am of the view that the question as to whether the employer is violating that part of the award is a matter for separate determination within the scope of the arbitration machinery provided in the agreement and is not a basis for holding the instant award to be outside the scope of the submission. By the same token, the court cannot, on this application, as asked by the union, enjoin the employer from violating the award here at issue. By agreement of the parties, any dispute arising out of the contract must be arbitrated; and, certainly, that issue falls within that category, and must be so determined. In view of the express terms of the agreement, the court necessarily has no jurisdiction in the premises.
I hold that the arbitrators did not exceed their powers and that the award is definite, certain and final. No facts have been shown that, within the established precedential authorities, would require or justify vacating or modifying the award. Accordingly, the motion to confirm is granted in all respects; and the motion to modify is denied, without prejudice to the right of the union to arbitrate, in accordance with the provisions of its agreement with the employer, the question of whether the latter has violated the terms of the award. Settle one joint order on both motions.

 That is to say, “ nonunion ” vis-a-vis the litigating labor organization (herein referred to as “union”). The sales promotion staff appear to he members of another labor organization under contract with the employer.