■ WEDTKE REALTY CORPORATION, Respondent, v. MICHAEL KARANAS, Appellant.— Judgment insofar as it awards $13,999.43 to plaintiff unanimously affirmed, without costs. That part of judgment which dismisses counterclaim on the merits unanimously reversed on the law and facts and new trial granted, with costs to appellant to abide the event. Memorandum: This case has been previously considered by this court. (286 App. Div. 339, affd. 309 N. Y. 904; 286 App. Div. 947, motion for leave to appeal denied 309 N. Y. 1033; 8 A D 2d 998.) In our decision in the last appeal we stated (p. 998) that if the matter were properly before us "we would reject the holding that plaintiff is entitled to $125 per month for any period" and "would conclude that the plaintiff is entitled to the reasonable rental value of the premises for the entire period." In accordance therewith, the court upon the present trial submitted to the jury the issue of the reasonable rental value for the period of 18 months from July 1, 1954 to December 31, 1955. In view of our prior informal holding this submission was proper and the verdict fixing such rental at $600 per month is not against the weight of the evidence. The trial court also properly directed the computation of interest by the Clerk, and we find such computation to be correct. That portion of the judgment awarding to plaintiff the sum of $13,999.43 should be affirmed. Error was committed, however, in dismissing the counterclaim set forth in the answer. Defendant had occupied the premises since August 1, 1944. During the first five years the tenancy was under a written lease with the then owner, the City of Buffalo. Upon the present trial the defendant conceded that the articles described in the counterclaim were installed in the premises during the term of this lease. Subsequently a new lease was made between defendant and the city for another period of five years. It was further conceded by defendant that he did not reserve the right in the second lease to remove the described articles. It is difficult to determine the precise ground upon which the trial court dismissed the counterclaim. It appears to have been based upon certain statements contained in a letter dated October 14, 1949 from defendant to the city during the course of negotiations for renewal of the lease. In any event we conclude that the counterclaim was improperly dismissed. We agree with the holding of the trial court that section 226-a (erroneously numbered § 266-a) of the Real Property Law enacted by chapter 76 of the Laws of 1959 was not here applicable because the provisions thereof are not retroactive. The general rule is recognized that a tenant's right to remove fixtures is lost if, without expressly reserving his right, he accepts a new lease (*Loughran* v. *Ross,* 45 N. Y. 792). This harsh rule, however, has been whittled away during the years (see Report of Law Revision Commission, N. Y. Legis. Doc., 1959, No. 65 [H]). A distinction has been made between a new lease and a "renewal" or "extension" of the old lease. (*Clarke* v. *Howland,* 85 N. Y. 204.) The rule has not been applied to trade fixtures. (*Bernheimer* v. *Adams,* 70 App. Div. 114, affd. 175 N. Y. 472; *Barth* v. *Koch & Son,* 203 App. Div. 62.) It has been held that a tenant holding over after expiration of his term on being evicted in summary proceedings has a right to remove fixtures. (*Lewis* v. *Ocean Nav. & Pier Co.,*

616

125 N. Y. 341.) Moreover, a factual issue is presented as to whether or not the articles described in the counterclaim were fixtures, and, if so, what kind of fixtures. These legal and factual questions may only be resolved on a new trial of the counterclaim (cf. 7 Carmody-Wait, New York Practice, § 11, pp. 110–111 and cases therein cited). We recognize that in the light of this determination appellant may be exposed to a greater immediate liability than he may be called upon to pay ultimately after the trial of the counterclaim. Upon the present record, however, we are unable to determine to what relief, if any, appellant may be entitled in the form of a partial stay of execution under that part of the judgment hereby affirmed. (Cf. 3 Carmody-Wait, New York Practice, § 24, p. 42.) Appellant, if he is so advised, may seek appropriate relief from Special Term. (Appeal from judgment of Erie Trial Term for plaintiff, in an action to recover rental value of occupied property.) Present — Bastow, J. P., Halpern, McClusky and Henry, JJ.