Paul J. Widlitz, J.
This is an action in equity praying that deeds absolute on their face be declared mortgages, that there be an accounting between the parties, and that the plaintiffs be permitted to exercise their equities of redemption.
During the years 1958 and 1959, the plaintiffs purchased three houses with moneys borrowed from the defendant McCabe. Titles to all three properties were taken in the name of the plaintiffs and subsequently transferred to the defendant McCabe. The two parties then embarked upon a course of lending and borrowing so intricate in nature that confusion resulted in at least the plaintiffs’ minds, and eventually led to litigation and a prior action instituted in this court in April, 1960.
The parties settled their differences on the eve of the trial by entering into a written agreement wherein, among other things, the plaintiffs acknowledged the indebtedness of $13,168.45 and executed a series of notes totaling such amount. The plaintiffs also confirmed title of the real properties in the defendant McCabe. On his part, the defendant McCabe simultaneously executed and delivered to his attorney, to be held in escrow, bargain and sale deeds to the properties in question, which deeds were to be delivered to the plaintiffs upon payment of the aforementioned promissory notes. The agreement also disposed of certain chattel mortgages and conditional bills of sale on automobiles purchased by the plaintiffs and provided that as long as Wallace performed under the terms of the contract of settlement, he was to remain in possession of the real property, collecting the rents and paying all expenses including mortgage amortization. Wallace also agreed to execute a confession of judgment in the sum of $12,800, to be held in escrow, and turned over to the defendant McCabe should Wallace default in carrying out his obligations under the agreement. Plaintiffs commenced retiring the promissory notes, but defaulted after payment of the ninth note, and they now seek equity.
At the outset, this court denies plaintiffs’ motion made at the beginning of the trial to add an additional cause of action alleging usury. Even should the court permit such amendment, the record is devoid of such proof.
In the absence of fraud, a settlement by compromise should be sustained without reference to the validity of the original claims of the parties (Yonkers Fur Dressing Co. v. Royal Ins. Co., 247 N. Y. 435) and the court should not look behind the compromise to determine the validity of such claims (Matter of White, 182 *485 Misc. 223, affd. 268 App. Div. 759; Plunkett v. O’Connor, 162 Misc. 839) even though the claims be without validity and incapable of enforcement (Wishnick v. Preserves & Honey, 272 N. Y. 252). The effect of a compromise and settlement is to disclaim the obligation and the new promise substituted (Post v. Thomas, 212 N. Y. 264).
In determining the three deeds to be mortgages, this court need proceed no further than the agreement of compromise and settlement between the parties in the last action. Therein is recited the debt; management of the properties was vested in the plaintiff [Wallace] and he was to be enabled to recover the properties upon payment of the admitted indebtedness. This contract of settlement was an instrument of defeasance (Real Property Law, § 320; Scheeper v. Inmar Estates, 270 App. Div. 845, affd. 296 N. Y. 759; Kraemer v. Adelsberger, 122 N. Y. 467; Mooney v. Byrne, 163 N. Y. 86).
The above agreement, together with the acts of the parties and the circumstances under which the original moneys were loaned, are all factors which this court has considered in making its determination that the deeds held by the defendant were mortgage security for moneys borrowed.
The agreed indebtedness, as outlined in the settlement contract, has been reduced to the extent of nine promissory notes totaling $2,001. The debt now stands at $11,167.45, together with interest from November 1, 1961.
The right to redeem being an essential part of a mortgage, the plaintiffs may exercise their equities of redemption upon payment of all indebtedness, which amount shall comprise the outstanding sum of $11,167.45 plus or minus such moneys as shall be accounted for by the defendants from the date of their taking possession of the real properties after the plaintiffs defaulted under the terms of the settlement agreement (Mooney v. Byrne, 163 N. Y. 86).
Accordingly, the deeds recited in the complaint are declared to be mortgages, and the defendants are directed to state and settle before this court on or before February 21, 1964, in the form and manner of a verified accounting in equity the following:
1. All the moneys and assets received by them while in possession of the three premises described in the complaint from the time that they went into actual possession under the terms of the agreement of settlement existing between the parties and dated the 21st day of November, 1960. There shall be enumerated all rents received, the person from whom received, and the date when received.
*486 2. Bach and every disbursement made by the defendants in the maintenance of said properties, stating the name of each person to whom said payment was made, the date and place of each payment, and whether by cash or check.
3. That the said account be settled by the defendants upon 10 days’ notice to the plaintiffs by giving notice to the plaintiffs’ attorney.
The judgment to be entered herein is interlocutory, and the plaintiffs may, after settlement of the final account, directly apply to this court for such other and further relief as is proper under the circumstances.