Arnold L. Fein, J.
Respondent occupied a single room in petitioner’s residence for women at 237 West 74th Street under an oral agreement, at a rental of $15 per week, including cleaning services, linen and towel supplies.
During her occupancy respondent stored a Wurlitzer harp in her room and a harp trunk in the basement. Between March 31, 1964 and October 25, 1964 respondent was away from the premises, but continued to retain her room and to pay the rent. The harp remained in the room and the trunk in the basement. On respondent’s return on October 25, she observed that her furniture and the harp had been relocated in the room, some clothing was on the floor, and the harp and trunk had been damaged. She made prompt complaint. Petitioner’s Mother Superior stated in substance that petitioner would pay for the repairs. As agreed, respondent sent the harp to International Music Service, 43 West 61st Street, New York, New York, to obtain an estimate of the cost of repair. She requested a letter from petitioner authorizing and agreeing to pay for the repairs.
On October 28, 1964, a letter was sent to International Music Service, signed on behalf of the Mother Superior for St. Agnes Residence:
*1097 “We hereby authorize you to repair Wurlitzer Concert Harp No. 1493 property of Evelyn Seaman who resides at our Residence.
‘ ‘ Damage to base, possibly neck and sounding board.
‘ ‘ St. Agnes Residence will pay for the repairs.
“Also black trunk for above harp.”
International Music Service estimated the cost of repair at $165. On November 23,1964, another letter, similarly signed on behalf of the Mother Superior, was sent to International Music Service:
“ When I agreed to pay for the repairing of the harp belonging to Evelyn Seaman, I thought it would amount to $25 to $50.
“I will not pay the amount for repairs stipulated in your estimate of $165 as we are not responsible for personal property in the guests’ rooms.”
The harp was returned to respondent unrepaired. Petitioner never paid the $165, estimated cost of repair.
Respondent counterclaims for: (1) $330, moneys had and received, representing the rent paid during respondent’s absence, founded upon allegations of entry into and use of her room during her absence; (2) breach of lease, $2,797.50; (3) damages for trespass, $2,797.50; and (4) “ breach of promise to pay”, $2,797.50, “damages sustained * * * by reason of petitioner’s acts ”.
The $2,797.50 is founded on a written estimate dated January 26, 1965, by Lyon Healy, Chicago, Illinois, to whom respondent sent the harp after its return by International Music Service. Respondent’s expert testified that Lyon Healy was the only harp manufacturer in the United States at the present time, that its work was of high quality, and that its estimate was fair and reasonable, although, in his opinion, the repair might possibly be done for $2,000. On cross-examination, he denigrated the International Music Service company estimate.
During respondent’s absence, the Mother Superior, maids and plumbers had entered respondent’s room at least on three or four occasions. The plumbers entered with the Mother Superior because of a leak in the pipes. They removed the contents of the closet, through which the pipes ran, in order to make the repairs. The Mother Superior and a maid entered after the repairs were made, to return the closet’s contents, and also on one or two other occasions to insure that it was clean. There was no proof of any negligence or any other act on the part of the plumbers, the Mother Superior or the maids or any other *1098 employee of petitioner which was a proximate cause of the damage to the harp or the harp trunk.
Under the circumstances entry into the room was proper and did not constitute a trespass or breach of the lease. (Multiple Dwelling Law, § 78, subd. 1; Administrative Code of City of New York, § D26-3.6.) Entry by the landlord was to protect the tenant’s property, its own property and that of the other tenants. This was its duty. (Cunningham v. Cirker’s, Moving & Stor. Co., 195 Misc. 1005.) Such entry does not import liability to the tenant. (Gould v. Springer, 206 N. Y. 641; Campbell v. Porter, 46 App. Div. 628; Markham v. Stevenson Brewing Co., 51 App. Div. 463, affd. 169 N. Y. 593.) Even if the entry amounted to a trespass or breach of the lease, tenant could recover only actual property loss shown to have been sustained by reason thereof. (Kobouroff v. Blake, 16 Misc 2d 202.) There is no proof such entry was a proximate cause of the damage to the harp and trunk or even that they were damaged during such entry. Landlord is not a guarantor or insurer of the safety of its tenants’ property (Collins v. Noss, 258 App. Div. 101, affd. 283 N. Y. 595.) The second and third counterclaims are dismissed.
The first counterclaim, for moneys had and received, founded upon a claim that the rent paid by respondent during the period of her absence is required to be returned by reason of the alleged breach of lease and trespass or because it is asserted some other person occupied the room during respondent’s absence, is dismissed for failure of proof.
Respondent is entitled to judgment on the fourth counterclaim in the sum of $165. Even though respondent’s claim was unfounded in law, it was asserted in good faith, as was the offer of the Mother Superior to pay for the damage. There was sufficient consideration and a new agreement was made. (Plunkett v. O’Connor, 162 Misc. 839; Minehan v. Hill, 144 App. Div. 854; White v. Hoyt, 73 N. Y. 505.) It is immaterial that no express amount was agreed upon. An indefinite promise susceptible of ascertainment by extrinsic sources is a foundation for a binding contract. (Wedtke Realty Corp. v. Karanas, 286 App. Div. 339; Cohen & Sons v. Lurie Woolen Co., 232 N. Y. 112; Franklin Sugar Refining Co. v. Lipowicz, 247 N. Y. 465; Matter of Feldman [Rockaway News Supply Co.], 6 Misc 2d 406; Chase Nat. Bank v. Manufacturers Trust Co., 265 App. Div. 406; Outlet Embroidery Co. v. Derwent Mills, 254 N. Y. 179.) Agreements of settlement and compromise stand on the same footing. (Wishnick v. Preserves & Honey, 272 N. Y. 252; Tebo v. Robinson, 100 N. Y. 27.) Respondent designated *1099 International Music Service, Inc., as the third party to make the estimate. The parties had made an agreement, subject to fixation of the price by an agreed-upon third party. This constituted a binding agreement of settlement and compromise. There was never an agreement to pay the amount of the Lyon Healy estimate or any other estimate, except that of International Music Service, Inc. The promise must be interpreted in the sense in which it was intended and understood by both promisor and promisee. (White v. Hoyt, supra.) Although forbearance was not express, it was understood and acted upon.
Respondent having concededly not paid the $30 rent for the weeks of September 22 and 29, 1966, she is entitled to judgment in the sum of $135 with interest on $165 from October 25, 1964.