■ BENJAMIN J. DENIHAN et al., Respondents, v. MICHAEL G. DENIHAN, Appellant.— Order and judgment (one paper), Supreme Court, New York County, entered on June 29, 1972, granting petitioners' applications to stay certain arbitration proceedings, affirmed. Respondents shall recover of appellant $60 costs and disbursements of this appeal. While we do not agree with petitioners that respondent has forever waived his right to arbitrate any grievance which may arise during the continuing relationship of the parties hereto, because of his resort to the courts on three separate occasions, we do conclude that, upon the record before us, there are sufficient overlapping issues raised in the judicial and arbitration proceedings to warrant granting the requested relief. Concur — Markewich, Murphy and Tilzer, JJ.; Stevens, P. J., and Lane, J., dissent in the following memorandum by Lane, J.: We would reverse. The parties had entered into a shareholder agreement which contained an arbitration clause. The petitioners now seek to stay two pending arbitration proceedings on the ground that the respondent Michael G. Denihan waived his arbitration rights. At this point, a short chronology of the prior litigation is in order. On May 14, 1970, Michael G. Denihan made a demand for arbitration. On December 22, 1970, the American Arbitration Association sent out a notice of first arbitration hearing scheduled for January 25, 1971. On January 4, 1971 the first Supreme Court action was instituted. The hearing on the arbitration took place on January 25 as scheduled and an award was made on March 23, 1971. In the interim, on February 23, 1971, a second Supreme Court action was instituted. On December 22, 1971 a third Supreme Court action was instituted. On March 10, 1972 Michael G. Denihan served the second and third demands for arbitration. It is conceded by the parties that each Supreme Court action and each arbitration encompassed separate and distinct claims, but all claims arose out of the initial agreement. It was at this point in time that the petitioners Benjamin J. Denihan, et al., initiated a special proceeding to stay arbitration on the grounds of waiver. While the procedure adopted by the parties until this present motion was unorthodox in that the vehicles of both arbitration and plenary suits were intermingled, it is not the

function of the court to interfere with the course charted by the parties (cf. *Matter of Malloy*, 278 N. Y. 429; *Stevenson* v. *News Syndicate Co.*, 302 N. Y. 81, 87; *Reilly* v. *Insurance Co. of North Amer.*, 32 A D 2d 918). The time for petitioners to have acted was in January of 1971 when the first arbitration was "interrupted" by service of a summons and complaint. After fully participating in both forums, petitioners cannot now claim a waiver of the use of one.