■ CHRISTINE W. YOUNG, Respondent, v ZWACK, INC., Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered November 15, 1982 in Rensselaer County, upon a decision of the court at Trial Term (Cholakis, J.), without a jury. Plaintiff Christine Young is the assignee of Tec-Ser, Inc., an engineering and design firm. Defendant Zwack, Inc., was an industrial fabricating firm. Tec-Ser commenced this action on October 27, 1977 seeking damages in the amount of $13,598.18, representing the unpaid balance due for goods, labor and services allegedly provided defendant. Defendant denied these allegations and interposed a counterclaim seeking damages in the amount of $8,076.75, representing the unpaid balance due for goods, labor and services allegedly provided to Tec-Ser by defendant. Following trial, the trial court allowed $5,073.75 on defendant's counterclaim and $7,903.43 on plaintiff's claim. Plaintiff's claim was represented by a number of billings totaling $20,223.77. The trial court disallowed item No. 1, which represented a billing of $612.50. Defendant did not contest item Nos. 2 and 3, totaling $7,932.84. Item No. 5 related to a winding lathe designed by Tec-Ser for defendant for which Tec-Ser billed defendant in the amount of $11,105, $3,800 of which defendant did not contest. Item Nos. 9, 10 and 11, representing charges of $176.40, $136.50 and $260.53, respectively, were allowed by the court. As to the disputed portion of item No. 5, on February 5, 1975, defendant paid Tec-Ser $6,625.59 and received a credit of $5,082.25 for money owed defendant by Tec-Ser, covering item No. 3 and the undisputed portion of item No. 5, for a total credit of $11,707.84. Defendant's president testified that the February 5, 1975 payments represented a settlement between defendant and Tec-Ser. According to defendant's president's testimony, defendant agreed to do additional work for Tec-Ser in exchange for Tec-Ser's agreement to waive

the disputed portion of item No. 5. At the close of the case, defendant orally moved to amend the answer to conform to the evidence to assert the affirmative defense of accord and satisfaction (CPLR 3025, subd [c]). The trial court denied the motion, noting that it considered defendant's position to be untenable at that point. On this appeal, defendant contests the denial of its motion to amend its answer and the trial court's allowance to plaintiff of the full amount of item No. 5. It is well established that a motion to amend the pleadings to conform them to the evidence is addressed to the discretion of the trial court (CPLR 3025, subd [c]), and such leave should be freely granted in the absence of surprise or prejudice resulting from the delay (CPLR 3025, subd [b]; *Fahey v County of Ontario,* 44 NY2d 934, 935). Where no surprise or prejudice is shown by the party opposing the motion, it is an abuse of discretion as a matter of law for the trial court to deny a defendant's motion to amend its answer (*McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.,* 59 NY2d 755, 757). We find, however, no error in the trial court's denial of defendant's motion in the instant case. Accord and satisfaction is an affirmative defense (19 NY Jur 2d, Compromise, Accord, and Release, § 26, p 333). The facts underlying the alleged accord and satisfaction were within the knowledge of defendant's president, yet defendant did not seek to amend its answer to assert the affirmative defense until the close of the evidence, almost five years after the commencement of the action (*Steiner v Wenning,* 43 NY2d 831, 832). Defendant offered no reasonable excuse for the delay (*Perricone v City of New York,* 96 AD2d 531, 533). In light of the apparent prejudice to plaintiff, who prepared its case for trial based on defendant's answer which made no reference to the alleged accord and satisfaction, the trial court did not abuse its discretion in denying leave to amend (*Smith v Sarkisian,* 63 AD2d 780, affd 47 NY2d 878). We pass now to defendant's contention that the trial court erred in finding an enforceable subsequent oral modification of the contract to design a winding lathe, the subject of the disputed item No. 5. Tec-Ser's president testified that Tec-Ser contracted to redesign a winding lathe for defendant for $3,800. The agreement was evidenced by the exchange of memoranda between the parties in January, 1974. In the second week of February, according to testimony from Tec-Ser's president, defendant contacted him and proposed that the winding lathe have a hydraulic drive motor instead of an electric motor. Tec-Ser's president informed defendant's president, Frank Zwack, that the modification would entail a substantially increased cost, to which Zwack responded, "We'll cover it." After completion of the project, Tec-Ser submitted a bill to Zwack for $11,105, calculated by multiplying the labor hours by Tec-Ser's billing rate of $15 per hour. At trial, defendant maintained that the original agreement contemplated the use of the hydraulic drive motor and, therefore, contested the amount billed above $3,800, the price initially agreed upon, or $7,305. We disagree with defendant that the trial court's conclusion that there was an oral modification of the contract was against the weight of the evidence. On cross-examination, defendant's president conceded that the original specifications for the winding lathe provided to Tec-Ser did not refer to a hydraulic drive motor. Further, testimony from an employee of General Electric, who provided the original specifications, was not conclusive as to the type of motor to be used in the machinery. Finally, defendant's version leaves unexplained the subsequent actions of the parties, including a trip by Tec-Ser's and Zwack's presidents to Rochester in late February, 1974 to examine a hydraulic drive motor system. Defendant's reliance on *Dombrowski v Somers* (41 NY2d 858), for support of its contention that its president's statement "We'll cover it" was too indefinite to create an enforceable contract, is misplaced. Rejection of a contract for indefiniteness "is at best a last resort" (*Cohen & Sons v Lurie Woolen Co.,* 232 NY 112, 114; *Wedtke Realty Corp. v Karanas,* 286 App Div

339, 340, affd 309 NY 904). A promise that can be made certain by reference to outside matters is not too indefinite (21 NY Jur 2d, Contracts, § 22, p 436). The test is whether the intention of the parties may be ascertained "to a reasonable degree of certainty" (*Varney v Ditmars,* 217 NY 223, 228). Based upon an examination of the record and the circumstances of the instant case, we conclude that defendant's promise to "cover" the additional cost of designing the winding lathe with the hydraulic drive motor contemplated payment according to Tec-Ser's hourly rate, a method of billing commonly used by Tec-Ser and by which defendant had been billed on at least one other occasion. Judgment affirmed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.