OPINION OF THE COURT
William D. Friedmann, J.
Can notice provisions as to location of service in a relevant lease document, supersede the statutory notice requirements of RPAPL 735? This question, as well as others, are raised in this commercial summary proceeding in which a default has already taken place by the landlord against the prime tenant. The prime tenant now challenges, at this traverse hearing, both personal and subject matter jurisdiction.
*325 CONTENTIONS
The prime tenant, in seeking to vacate the default holdover judgment of possession entered against it, and the warrant of eviction issued thereon, as well as to dismiss this commercial summary proceeding, contends that this court lacks personal jurisdiction over it. That the service of the summary holdover notice of petition and petition was not properly effected pursuant to RPAPL 735 (subd 1, par [b]) which requires in order to effect “substituted” service or “conspicuous place” service, that petitioner landlord must send a copy of the summary notice of petition and petition by regular and certified mail to “the principal office or principal place of business within the state [of a corporate tenant] at the last place as to which petitioner has such information [and to] the property sought to be recovered”. Specifically, the prime tenant asserts that the notice of petition and petition were never mailed by any means to it at its principal office or place of business located at East 59th Street, New York, New York, even though said location was well known to landlord, and further, that landlord failed to establish that a copy of the notice of petition and petition were mailed to the prime tenant at the leased or subject premises by certified mail. Alternatively, the prime tenant seeks vacation of the default judgment entered against it (CPLR 5015, subd [a], par 1), urging the same grounds of no actual notice of the proceedings, and contending that it constitutes “justifiable excuse” under the circumstances present.
It further contends that the proceeding should be dismissed (CPLR 5015, subd [a], par 4), because this court lacks jurisdiction over this summary proceeding, as the notice of petition and petition are jurisdictionally defective. Specifically, that the summary proceeding was unlabeled as being either one for nonpayment or holdover, and that the petition does not contain certain necessary jurisdictional allegations required by RPAPL 711 as to either nonpayment (that a statutory three-day nonpayment notice was served on tenant), or as to holdover grounds (landlord had a contractual right to terminate the lease), to permit the entry of a default judgment.
Landlord, in countering these contentions, relies upon certain provisions of the prime lease and sublease which *326 sets forth certain notice requirements, including location of delivery of notices. It alleges that it “followed all the necessary procedures for the serving of the petition and all the requirements under the lease” (pars 12[d] [sublease] and 17 [prime lease]) which relate to the locations for mailing of notices. In support of its position, landlord relies upon the reasoning of the Court of Appeals in First Nat. Stores v Yellowstone Shopping Center (21 NY2d 630, 638) where the court, back in 1968, called for restrained judicial interference in situations where lease obligations were clearly stated.
CONCLUSIONS
Based upon the record of this proceeding, including the traverse hearing, this court reaches the following findings of fact and applicable conclusions of law.
rpapl 735 (manner of service) controls
Summary proceedings to recover possession of real property proceedings (RPAPL art 7) are statutory in nature. The manner of service necessary to commence such proceedings is precisely governed by RPAPL 735, which seeks to insure that actual and effective service, not meaningless or superficial service, occurs, i.e., that there be real notice of the commencement of summary proceedings and an actual opportunity for affected parties to promptly respond if they desire.
This court concludes that the statutory requirements of RPAPL 735 cannot be modified or restricted by the terms of contractual lease obligations as to service, place of service, or other manner of notice. Where a conflict exists between procedural contractual obligations in a lease, as to the manner of notice, and the requirements of RPAPL 735, as to the manner of notice, such conflict or discrepancies must be resolved in favor of the statutory requirements (150 East 73rd, St. Corp. v Wehringer, NYlj, April 17, 1975, p 2, col 4 [App Term, 1st Dept]; Palumbo v Estate of Clark, 94 Misc 2d 1; Court Sq. Bldg, v Harris, 140 Misc 542).
This court reaches this conclusion with full knowledge that it has long been the law in New York that parties may, by agreement, chart their own procedural course in *327 litigation. The Court of Appeals made this clear some 30 years before its 1968 landmark decision in First Nat. Stores v Yellowstone Shopping Center (supra). In Matter of Malloy (278 NY 429, 433), it stated: “ ‘Parties by their stipulations may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce. They may stipulate away statutory, and even constitutional rights.’ ”
Certain examples of procedural rights which can be effected by agreement between the parties are: A tenant under a commercial lease may agree to waive its right to assert counterclaims in a summary nonpayment proceeding (Bomze v Jaybee Photo Suppliers, 117 Misc 2d 957 [App Term, 1st Dept]). So may a tenant waive its right to a jury trial (Fay's Drug Co. v P & C Prop. Coop., 51 AD2d 887; Estate of Greenberg v Schefler, 102 Misc 2d 308 [App Term, 1st Dept]). Agreements to arbitrate, and thus forego trial and appeal altogether, are likewise enforceable (Government Employees Ins. Co. v Arvelo, 76 AD2d 854; Denihan v Denihan, 42 AD2d 524).
THE SERVICE UNDER RPAPL 735 IS IMPROPER
RPAPL 735 (subd 1, par [b]) precisely requires that “substituted” or “conspicuous place” service requires that a copy of the notice of petition and petition be sent by regular and certified mail to a corporate respondent addressed to the subject premises and also to the corporate tenant’s last known principal office or principal place of business if this is “not located on the property sought to be recovered”. Landlord attempted to effect such service by mailing the notice of petition and petition to addresses set forth in lease documents relating to the subject premises (par 17, lease of Aug., 1979; par 12[d], sublease, p 11), but completely failed to mail a copy of the notice of petition and petition, by any manner or means, to the prime tenant at its principal office at 110 East 59th Street, New York, New York.
This court finds that at the time of attempted service that the landlord knew that the prime tenant was no longer “located on the property sought to be recovered” and had knowledge that the prime tenant’s principal office was not located at any address listed in the lease documentation, but was, in fact, located at the above-stated East 59th *328 Street address, which address was “the last place as to which petitioner has such information”. This is abundantly clear as landlord, from July, 1982 to the time of hearing (Dec. 16, 1983), regularly sent the prime tenant’s monthly rental statement to the East 59th Street address.
Accordingly, it is determined that landlord failed to comply with the mailing requirements for “substituted” service or “conspicuous place” (calculated to give rise to real attention or notice) under RPAPL 735, as landlord did not mail to the East 59th Street address which would have accomplished actual and meaningful (not historic or perfunctory) service as contemplated by the statute. This court therefore determines that it does not have personal jurisdiction over the prime tenant, National Energy Reduction Corp., and that the default judgment entered against it in this proceeding, and all subsequent proceedings based thereon, must be vacated.
Having made the above determination of lack of personal jurisdiction, it is unnecessary to consider the second and more complicated challenge to service under RPAPL 735, that service was not established at the hearing by landlord, by an adequate showing, that it sent a copy of the notice of petition and petition to the prime tenant “at the property sought to be recovered” by certified mail.
THE PROCEEDING UNDER RPAPL 711 IS JURISDICTIONALLY DEFECTIVE
As stated (supra), summary proceedings to recover possession of real property (RPAPL art 7) are statutory in origin, and unless the jurisdictional requirements, as set forth in the statute, are expressly pleaded in a summary proceeding through the notice of petition and petition, the proceeding is jurisdictionally defective and should be dismissed (Goldman Bros. v Forester, 62 Misc 2d 812). The two statutory grounds for bringing a summary proceeding to recover the possession of real property in New York City, where a landlord and tenant relationship exists, is set forth in RPAPL 711, namely, (1) nonpayment of rent, and (2) holdover. Examination of the notice of petition and petition in this proceeding reveals that landlord failed to either label this proceeding as being either a nonpayment or a *329 holdover proceeding, and even more important, it failed to set forth certain necessary allegations in support of either ground for eviction. Construed as a nonpayment proceeding, the petition is jurisdictionally defective as it fails to allege that the landlord gave the three-day statutory demand for payment of rent as required by RPAPL 711 (subd 2) (Matter of St. Joseph’s Immigrant Homes v Seaman, 53 Misc 2d 1095; Fitzgerald v Washington, 80 Misc 2d 861). Construed as a holdover proceeding (RPAPL 711, subd 2), the petition is likewise defective, because it does not allege any contractual right to terminate the lease. Landlord’s petition contains no allegation that the lease in question was terminated on notice pursuant to a provision in the lease, which created a conditional limitation permitting such termination (Almarine Realty Corp. v Stern, 203 Misc 190 [App Term, 1st Dept]). Therefore, the petition is jurisdictionally defective, and under CPLR 5015 (subd [a], par 4), the default judgment should be vacated and this proceeding dismissed.
RELIEF FROM JUDGMENT UNDER CPLR 5015 (subd [a], par 1) is unnecessary
Having determined that this proceeding is both jurisdictionally defective under RPAPL 711, and that this court does not have personal jurisdiction over the prime tenant under RPAPL 735, it is unnecessary to determine the alternative request for relief based on “excusable default” (CPLR 5015, subd [a], par 1), except to note that the facts elicited at the traverse hearing strongly suggest that the default of the prime tenant was excusable because it did not receive actual notice of this proceeding until after the default judgment was entered against it. Further, the circumstances suggest that action has occurred involving the landlord and the subtenant in possession which had the clear objective of squeezing out the middleman, the prime tenant, by obtaining a quick default judgment against the prime tenant after an ineffective and unrealistic attempt at serving it, and then substituting the subtenant as the prime tenant. This court deems that under such circumstances opening the default under CPLR 5015 (subd [a], par 1) and CCA 110 (subd [c]) would have been justified.
*330 Accordingly, that part of the motion seeking dismissal of this proceeding and the vacating of the default judgment and warrant of eviction is granted, all other aspects are denied.