■ John A. McLaughlin, Appellant, v John J. Gunning et al., Respondents.—Main J. P. Appeal from an order of the Supreme Court (Dier, J.), entered November 3, 1986 in Essex County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff was employed by defendants from August 1971 until June 1984. He commenced this action, contending that defendants, an individual and a corporation, had breached the terms of an employment contract which the parties had entered into in 1971 and which had been amended several times during the course of plaintiff's employment. As evidence of the 1971 contract, plaintiff produced a letter, dated April 17, 1971 and addressed to him from the individual defendant, offering him employment and setting forth various terms of the employment. Finding this offer to be so vague as to be unenforceable, Supreme Court granted defendants' motion for summary judgment dismissing the complaint.

We believe that Supreme Court erred in granting defendants' motion. This court has previously noted that "[r]ejec-

tion of a contract for indefiniteness 'is at best a last resort' [and a] promise that can be made certain by reference to outside matters is not too indefinite" *(Young v Zwack, Inc.,* 98 AD2d 913, 914-915, quoting *Cohen & Sons v Lurie Woolen Co.,* 232 NY 112, 114). Here, the April 1971 letter evidences an offer of employment to plaintiff with a starting salary of $200 per week, a work week of five days, plus alternate Saturdays and, at the end of five years, a 25% interest in defendants' business. Although a number of specific details are not expressed in the letter, such omissions do not render the offer so indefinite as to be unenforceable *(cf.,* 1 Corbin, Contracts § 95, at 401-402). It is apparent that plaintiff did commence working for defendants in 1971, and we note that it is possible that this commencement constituted an acceptance of defendants' offer of employment *(see,* 21 NY Jur 2d, Contracts, § 49, at 466). Thus, there is an issue of fact as to whether there was an acceptance of defendants' offer of employment. On this record, we cannot say that defendants' offer was unenforceable, and defendants' motion for summary judgment should have been denied.

Order reversed, on the law, without costs, and motion denied. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.