OPINION OF THE COURT
Per Curiam.
Order dated October 20, 1995 modified to the extent that on reargument, tenants’ motion to dismiss is denied and the petition is reinstated on landlord’s allegations of nuisance and breach of lease as specified in paragraphs (b) and (c) of the notice to cure and notice of termination, and the matter is remanded to Civil Court for trial on the petition in accordance with this decision; as modified, order affirmed, without costs.
Appeal from order dated August 25, 1995 dismissed, without costs, as superseded by the appeal from the order dated October 20, 1995, granting reargument.
While the termination clause contained in paragraph 17 (1) of the lease creates a conditional limitation, as expressly stated in paragraph 63 of the lease rider (see generally, Matter of Ranalli v Burns, 157 AD2d 936, 937), paragraph 17 (1) explicitly excludes from its application a default in the payment of rent. Accordingly, Civil Court was correct insofar as it dismissed the holdover petition predicated upon nonpayment, since the lease did not provide for termination of the tenancy upon this ground (Lana Estates v National Energy Reduction Corp., 123 Misc 2d 324, 328-329).
However, Civil Court erred in dismissing the petition in its entirety. Apart from the nonpayment claim, landlord terminated the tenancy upon the grounds of nuisance and breach of various lease provisions, including the proscription against subletting without prior written consent. Landlord’s preliminary notices were factually specific and sufficient to establish grounds for a summary proceeding. Contrary to the holding below, landlord’s failure to prevail on the nonpayment issue was not fatal to its right to terminate the tenancy upon the other bases alleged. "A petition in a summary proceeding is no different than a pleading in any other type of civil case” (Jackson v New York City Hous. Auth., 88 Misc 2d 121, 122 *669 [App Term, 1st Dept]). The assertion of separate theories or causes of action is authorized (CPLR 3014), and the insufficiency of one alternative does not affect the sufficiency of the remainder of the pleading (3 Weinstein-Korn-Miller, NY Civ Prac 3014.13). Thus, the allegation in the termination notice as to tenants’ default in rent is severable from the remaining allegations based upon breach of the lease (310 E. 4th St. Hous. Dev. Fund Corp. v Blackmon, NYLJ, Jan. 30, 1996, at 25, col 2 [App Term, 1st Dept]).
So far as appears from the record,* tenants’ dismissal motion was granted at the close of landlord’s case. In consequence, there must be a new trial at which tenants may present their defense.
Parness, J. P., McCooe and Davis, JJ., concur.

 A transcript of the trial proceedings has not been provided to this court.